## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                   **CASE NO. 0:18-cv-60704-**
                                                   **BLOOM/VALLE**

MICHAEL L. MEYER,

     Defendant.

_____/

## DEFENDANT MICHAEL MEYER'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND

Defendant Michael Meyer, through undersigned counsel and pursuant to Federal Rule of

Civil Procedure 7, hereby files his Answer to Plaintiff's Complaint dated April 3, 2018 (DE 1).

## RESPONSE TO ALLEGATIONS IN THE COMPLAINT

1.      Denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Admitted to the extent this paragraph accurately characterizes the Government's

claim.

## JURISDICTION AND VENUE[1]

6.      Without knowledge and therefore denied.

---

[1] For the sake of clarity and ease of reference, this Answer includes the Government's section headings, some of which are inflammatory and objectionable. By including these subheadings, Defendant does not admit their substance. Except as otherwise admitted in this Answer, all of the Government's allegations are denied.

7.      Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

8.      Admitted that Meyer resides in the Southern District of Florida. Otherwise, denied.

### DEFENDANT

9.      Admitted.

### OVERVIEW OF THE CHARITABLE GIVING TAX SCHEME

10.     Denied.

11.     Admitted that Meyer markets a tax plan substantially as described in this paragraph. Denied that Meyer participates in a "scheme" to the extent that word carries negative connotations.

12.     Admitted that Meyer markets a tax plan substantially as described in this paragraph. Denied that Meyer participates in a "scheme" to the extent that word carries negative connotations.

13.     Admitted.

14.     Denied.

### Meyer's Bogus Charities

15.     Admitted to the extent that Meyer established the three charities listed. Otherwise, denied.

16.     Denied that the charities were bogus. Otherwise admitted.

17.     Denied.

18.     Denied to the extent that Meyer did not dispute "that NEA was not engaged primarily in activities for exempt purposes and its net earnings inured to the benefit of private individuals—i.e., him and his family." Otherwise, admitted.

19.     Admitted that Meyer and NEA reached an agreed resolution with the IRS before the United States Tax Court. Denied that NEA was, in fact, not a tax-exempt entity.

20.    Denied that "Meyer used Grace Heritage and IEF as tools for promoting, organizing, and executing" a bogus charitable giving tax scheme. Otherwise, admitted.

### Meyer's Bogus Charitable "Transactions"

21.    Admitted that Meyer creates partnership or limited liability companies for his clients. Otherwise denied.

22.    Admitted that plan participants transfer property to the Entities. Otherwise, denied.

23.    Admitted to the extent that Meyer drafts documents that causes participants to donate their interests in the Entities to his charities. Otherwise denied.

24.    Admitted that some participants donate a 99% non-controlling interest in their Entity while others donate a 100% interest. Otherwise denied.

25.    Admitted that Meyer causes the charities to send contemporaneous written acknowledgment of the assignments. Otherwise denied.

26.    Admitted that Meyer appraises contributions of the Entities. Otherwise denied.

27.    Admitted.

28.    Admitted that participants attached their Form 8283 to their personal federal income tax returns. Otherwise denied.

29.    Admitted that, on paper, it appears that participants donate something of value to the charities and that Meyer advises participants to effect an actual contribution with substance. Otherwise denied.

30.    Denied.

## Meyer's Role

31.     Admitted that Meyer developed and implemented the tax plan at issue. Denied that it is a scheme that results in bogus charitable deductions.

32.     Denied as to the characterization of Meyer's activities as an "abusive tax scheme." Otherwise admitted.

33.     Admitted.

34.     Denied that assets are transferred to bogus charities. Otherwise admitted.

35.     Admitted that Meyer charges fees for the continuing administration of the Entities. Otherwise denied.

36.     Denied.

37.     Admitted that legitimacy is critical for the plan's success. Admitted that Meyer told his ex-wife that he did not have personal access to funds owned by the charities. Otherwise denied.

## MEYER'S MISREPRESENTATIONS OF
## THE CHARITABLE GIVING TAX SCHEME

38.     Denied.

### Meyer Misrepresents His Experience and Credentials

39.     Admitted.

40.     Admitted.

41.     Denied.

42.     Admitted.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Admitted that Meyer became a CVA in 2001 and let his CVA license lapse at some point thereafter. Admitted that Meyer included his CVA credentials in his letterhead and other materials. Otherwise denied.

**Meyer Induces Participation in His Scheme by Misrepresenting Its Legality**

47.     Denied.

48.     Denied.

49.     Admitted that Meyer provided potential participants with a "Gift of LP/LLC Interest to Charity" legal memorandum and tax opinion, both of which opine on the validity of Meyer's plan. Otherwise denied.

50.     Admitted that Meyer also provided potential plan participants copies of "no-change" audit reports and related audit correspondence. Otherwise denied.

51.     Admitted that Meyer sent the referenced February 27, 2015, email. Otherwise denied.

52.     Admitted that this February 27, 2015, email speaks for itself. Otherwise denied.

53.     Admitted that the February 27, 2015 email speaks for itself. Otherwise denied.

**Meyer Misrepresents the Structure of His Tax Scheme
by Advising Others that He Establishes Donor Advised Funds**

54.     Denied.

55.     Admitted.

56.     Admitted.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## MEYER'S CHARITABLE GIVING TAX SCHEME
## FLAGRANTLY VIOLATES THE INTERNAL REVENUE LAWS

63.     Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

64.     Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

65.     Calls for a legal conclusion and therefore no response is required. Otherwise denied.

66.     Denied.

67.     Admitted that in some instances the Entities have loaned money to the taxpayer that established the entity. Otherwise denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**Meyer Advises the Participants to Improperly Deduct Pledges or Promises to Pay**

73.     Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

74.     Denied.

75.     Denied.

76.     Denied.

### Meyer Advises Participants to Unlawfully Backdate Documents

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     The quoted email speaks for itself. Otherwise denied.

82.     Denied.

### The Scheme Participants' Purported Charitable Deductions Rely on Bogus Appraisals Performed by Meyer

83.     Denied.

84.     Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

85.     Calls for a legal conclusion and therefore no response is required. Denied to the extent that the government characterizes Meyer's conduct as a "scheme." Otherwise admitted.

86.     Denied to the extent that the government characterizes Meyer's conduct as a "scheme." Otherwise admitted.

87.     Denied to the extent that the government characterizes Meyer's conduct as a "scheme." Otherwise admitted.

88.     Denied.

89.     Admitted.

90.     Denied.

*Meyer Is Excluded by Law from Preparing Appraisals*
*For Property "Donated" to the Bogus Charities*

91.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

92.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

93.   Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

94.   The treasury regulations speak for themselves. Otherwise admitted

95.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

96.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

97.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

98.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

99.   The treasury regulations speak for themselves. Otherwise denied.

100.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

*Meyer's Appraisals Do Not Constitute Qualified Appraisals*

101.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

102.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

103.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

104.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

105.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

106.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

*Meyer Uses Unreliable Methods to Appraise the "Donated" Property*

107.   Denied.

108.   Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

109.   Denied.

110.   Denied.

111.    The excerpted email speaks for itself. Otherwise denied.

112.    Denied.

113.    Admitted.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

**Meyer Prepares False Correspondence and IRS Forms
for Participants and the Bogus Charities**

119.    Admitted that Meyer caused the charities to send contemporaneous written acknowledgments to the plan participants. Further, this paragraph contains a legal conclusion to which no response is required. Otherwise denied.

120.    Calls for a legal conclusion and therefore no response is required. Otherwise denied.

121.    Admitted that in some instances Meyer completed and signed a Form 8283 for plan participants and based it on the appraisals. Admitted that Meyer listed CPA, MBA, JD, and CVA behind his signature. Otherwise denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Admitted that Meyer completed Forms 990 for the charities and filed them with the IRS, that Meyer represented that the charities were legitimate tax-exempt entities and that the charities received millions of dollars of donations every year. Otherwise denied.

## EXAMPLES OF MEYER'S CHARITABLE GIVING TAX SCHEME

### *PARTICIPANT 1*

126.    Because the Complaint fails to identify the alleged participant, Defendant can neither admit nor deny this allegation.

127.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

128.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

129.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

130.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

131.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

132.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

133.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

134.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

135.    Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

136.     Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

137.     Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

138.     Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

139.     Because the Complaint fails to identify participant 1, Defendant can neither admit nor deny this allegation.

### *PARTICIPANT 2*

140.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

141.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

142.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

143.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

144.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

145.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

146.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

147.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

148.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

149.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

150.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

151.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

152.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

153.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

154.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

155.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

156.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

157.    Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

158.     Because the Complaint fails to identify participant 2, Defendant can neither admit nor deny this allegation.

### PARTICIPANTS 3 & 4

159.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

160.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

161.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

162.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

163.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

164.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

165.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

166.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

167.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

168.     Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

169.    Because the Complaint fails to identify participants 3 and 4, Defendant can neither admit nor deny this allegation.

### PARTICIPANT 5

170.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

171.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

172.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

173.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

174.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

175.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

176.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

177.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

178.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

179.    Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

180.     Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

181.     Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

182.     Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

183.     Because the Complaint fails to identify participant 5, Defendant can neither admit nor deny this allegation.

### FINANCIAL PLANNER 1

184.     Because the Complaint fails to identify Financial Planner 1, Defendant can neither admit nor deny this allegation.

185.     Because the Complaint fails to identify Financial Planner 1, Defendant can neither admit nor deny this allegation.

186.     Because the Complaint fails to identify Financial Planner 1, Defendant can neither admit nor deny this allegation.

### FINANCIAL PLANNER 2

187.     Because the Complaint fails to identify Financial Planner 2, Defendant can neither admit nor deny this allegation.

188.     Because the Complaint fails to identify Financial Planner 2, Defendant can neither admit nor deny this allegation.

189.     Because the Complaint fails to identify Financial Planner 2, Defendant can neither admit nor deny this allegation.

190.     Because the Complaint fails to identify Financial Planner 2, Defendant can neither admit nor deny this allegation.

191.     Because the Complaint fails to identify Financial Planner 2, Defendant can neither admit nor deny this allegation.

## HARM TO THE UNITED STATES AND THE PUBLIC

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

## COUNT I – Injunction Against Defendant Michael L. Meyer Under 26 U.S.C. § 7408 for Engaging in Conduct Subject to Penalty Under 26 U.S.C. § 6700

197.     Defendant incorporates his responses to the complaint's allegations contained in paragraphs 1 through 196.

198.     Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

199.     Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

200.     Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

201.     Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

202.     Calls for a legal conclusion and therefore requires no response. Otherwise denied.

203.     Admitted that Meyer provided tax planning services to hundreds of participants. Otherwise denied.

204.     Denied.

205.     Denied.

206.     Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

**COUNT II – Injunction Against Defendant Michael L. Meyer Under 26 U.S.C. § 7408 for Engaging in Conduct Subject to Penalty Under 26 U.S.C. § 6701**

211.    Defendant incorporates by reference his response to the complaint's allegations set forth in paragraphs 1 through 196.

212.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

213.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

**Count III – Injunction Against Defendant Michael L. Meyer Under 26 U.S.C. § 7408 for Engaging in Conduct Subject to Penalty Under 26 U.S.C. § 6707**

220.    Defendant incorporates by reference his responses to the complaint's allegations set forth in paragraphs 1 through 196.

221.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

222.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

223.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

224.    Calls for a legal conclusion and therefore requires no response. Otherwise admitted.

225.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

226.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

227.   Calls for a legal conclusion and therefore requires no response. Otherwise denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

**COUNT IV – Injunction Against Defendant Michael L. Meyer Under 26 U.S.C. § 7408 for Engaging in Conduct that Violated his Obligations Under Circular 230**

232.   Defendant incorporates his responses to the Complaint's allegations contained in paragraphs 1 through 196.

233.   Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

234.   Calls for a legal conclusion and therefore no response is required. Fails to identify participant 5 and therefore can neither be admitted nor denied. Otherwise, denied.

235.   Calls for a legal conclusion and therefore no response is required. Otherwise denied.

236.   Calls for a legal conclusion and therefore no response is required. Otherwise denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

**COUNT V – Injunction Against Defendant Michael L. Meyer Under 26 U.S.C. § 7407 for Engaging in Conduct Subject to Penalty Under 26 U.S.C. § 6694**

241.    Defendant incorporates by reference his response to the allegations in the Complaint at paragraphs 1 through 196.

242.    Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

243.    Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

244.    Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

245.    Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

**COUNT VI – Injunction against Defendant Michael L. Meyer Under 26 U.S.C. § 7407 for Engaging in Fraudulent and Deceptive Conduct that Substantially Interfered with the Proper Administration of the Internal Revenue Laws**

252.    Defendant incorporates by reference his response to the allegations in the Complaint at paragraphs 1 through 196.

253.    Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

**COUNT VII – Injunction Against Michael L. Meyer Under 26 U.S.C. § 7402 for Engaging in Conduct Subject to Penalty Under 26 U.S.C. § 6695A**

259.   Defendant incorporates by reference his response to the allegations in the Complaint at paragraphs 1 through 196.

260.   Calls for a legal conclusion and therefore no response is required. Otherwise denied.

261.   Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

262.   Denied.

263.   Denied.

264.   Calls for a legal conclusion and therefore no response is required. Otherwise admitted.

265.   Denied.

266.   Denied.

267.   Denied.

**COUNT VIII – Injunction Against Michael L. Meyer Under 26 U.S.C. § 7402 for Unlawful Interference with the Administration and Enforcement of the Internal Revenue Laws**

268.    Defendant incorporates by reference his responses to the allegations in the Complaint at paragraphs 1 through 196.

269.    Calls for a legal conclusion and therefore no response is required. Otherwise denied.

270.    Calls for a legal conclusion and therefore no response is required. Otherwise denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend his

answer and affirmative defenses based upon information obtained in the course of litigation.

### FIRST AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has unreasonably delayed the bringing of this suit.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

In various proceedings in Tax Court involving his charities, the IRS challenged

Defendant's plan and agreed to a resolution that permitted Defendant to continue to operate.

Defendant has continued to so operate in reliance upon this resolution.

### THIRD AFFIRMATIVE DEFENSE
### (Release)

In various proceedings in Tax Court involving his charities, the IRS challenged

Defendant's plan and agreed to a resolution that permitted Defendant to continue to operate. In

connection with these proceedings, Plaintiff otherwise agreed to release Defendant from liability.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff has framed its complaint as one for injunction and disgorgement. In so doing,

Plaintiff improperly seeks to circumvent statutes of limitation that bar penalties for the described

conduct.

## JURY TRIAL DEMAND

Defendant hereby requires trial by jury of all claims and defenses in this action so triable.

Date: June 18, 2018                    Respectfully Submitted,

                                       /s/ Derick Vollrath

                                       Jeffrey A. Neiman
                                       Fla. Bar No. 544469
                                       jneiman@mnrlawfirm.com

                                       Derick Vollrath
                                       Fla. Bar No. 126740
                                       dvollrath@mnrlawfirm.com

                                       **MARCUS NEIMAN & RASHBAUM LLP**

                                       100 Southeast Third Avenue, Suite 805
                                       Ft. Lauderdale, Florida 33394
                                       Telephone: (954) 462-1200

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 18, 2018, a true and correct copy of the foregoing Notice of

Appearance was served via CM/ECF on all counsel or parties of record on the Service List.

                                       By:    /s/ Derick Vollrath
                                              Derick Vollrath

23