ORIGINAL

Exhibit E

UNITED STATES TAX COURT

CLARA ADKINS,                           )
                                        )
                 Petitioner,            )
                                        )
        v.                              )   Docket No. 27300-13
                                        )
COMMISSIONER OF INTERNAL REVENUE,       )
                                        )
                 Respondent.            )

### DECISION

Pursuant to the agreement of the parties in this case, it is

ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioner for the taxable years 2008, 2009, and 2010 in the amounts of $22,073.00, $19,475.00, and $26,551.00, respectively; and

That there are no penalties due from petitioner for the taxable years 2008, 2009, and 2010, under the provisions of I.R.C. § 6662(a).

**(Signed) Joseph Robert Goeke**
**Judge**

Entered: NOV 21 2014

\*       \*       \*       \*       \*

It is hereby stipulated that the Court may enter the foregoing decision in this case.

It is further stipulated that interest will be assessed as provided by law on the deficiencies due from petitioner.

SERVED NOV 21 2014

Docket No. 27300-13                - 2 -

It is further stipulated that, effective upon the entry of the decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest) until the decision of the Tax Court becomes final.

It is further stipulated:

1.   Petitioner reported certain items on the 2008, 2009, and 2010 income tax returns related to the investment in Adkins Heritage LP.

2.   Adkins Heritage LP is a partnership which is subject to the unified partnership audit and litigation procedures set forth in I.R.C. §§ 6221 *et seq.* (TEFRA partnership procedures).

3.   For purposes of computing the deficiencies in this case, petitioner's partnership items relating to Adkins Heritage LP have been treated as if they were correctly reported on petitioner's income tax returns for the taxable years 2008, 2009, and 2010 and they have not been adjusted as part of this docketed proceeding.

4.   The tax treatment of petitioner's partnership items relating to Adkins Heritage LP will be resolved in separate partnership proceedings conducted in accordance with the TEFRA partnership procedures.

5.   The adjustments necessary to apply the results of the TEFRA partnership proceedings described in subparagraph 4 to petitioner, shall be treated as computational adjustments under I.R.C. § 6231(a)(6) and assessed, credited or refunded accordingly.

6.   To the extent that the computations of petitioner's tax liabilities which properly reflect the tax treatment of the partnership items relating to Adkins Heritage LP, as determined in the TEFRA partnership proceedings described in subparagraph 4, would also result in a change in petitioner's tax liabilities attributable to nonpartnership items, as previously determined in this docketed proceeding, such changes may be treated as computational adjustments under I.R.C. § 6231(a)(6) and assessed, credited or refunded accordingly.

Docket No. 27300-13                - 3 -

    7. Petitioner waives any restrictions on assessment or overpayment imposed by I.R.C. §§ 6501, 6511 or 6512, with respect to any assessments, credits or refunds described in subparagraph 6, provided such assessments, credits or refunds are made within the time period provided for computational adjustments under I.R.C. § 6231(a)(6).

 

MICHAEL L. MEYER  
Counsel for Petitioner  
Tax Court Bar No. MM1062  
10848 Scouts Way  
Evansville, IN  47725  
Telephone: (812) 491-9373

WILLIAM J. WILKINS  
Chief Counsel  
Internal Revenue Service  

By: _____  
STEWART TODD HITTINGER  
Senior Attorney  
(Small Business/Self-Employed)  
Tax Court Bar No. HS0314  
P.O. Box 44010  
Stop CN730  
Indianapolis, IN 46244-0010  
Telephone: (317) 685-7933

Date: 11-7-14

Date: November 12, 2014