## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                **CASE NO. 0:18-cv-60704**

vs.

MICHAEL L. MEYER,

     Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL RESPONSE TO INTERROGATORY No. 7

Defendant Michael Meyer files this Response in opposition the Government's Motion to Compel Responses to Interrogatory No. 7 [DE 71], pursuant to Federal Rule of Civil Procedure 37, Southern District of Florida Local Rule 26.1(g)(2), and Judge Valle's Discovery Procedures as set forth in this Court's Scheduling Order [DE 16].

Meyer properly objected to this discovery on the grounds that the information it seeks is not relevant to the Government's claims. On the face of the Amended Complaint [DE 29], Government seeks two forms of relief: (1) disgorgement of fees Meyer has received over the past twenty years; and (2) an injunction against Meyer's future conduct.

## A FIVE-YEAR STATUTE OF LIMITATIONS APPLIES TO DISGORGEMENT

On page 5 of its Motion, the Government states "Meyer fails to cite any statutory authority in support of his statute of limitations objection." And that "[a]s we explained in a pending motion to strike (ECF Doc. No. 34), there is none."

The Motion to Strike is directed, in part, to Meyer's Fourth Affirmative Defense contained in his Answer to the Amended Complaint [DE 32], which identifies the relevant Statute of Limitations as 28 U.S.C. § 2462. Section 2462 reads as follows:

> Except as otherwise provided by Act of Congress, an action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced **within five years** from the date when the claim first accrued if, within the same period, the offender of the property is found within the United States in order that proper service may be made thereon.

(Emphasis added.) In its recent decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), the Supreme Court determined that disgorgement of profits ancillary to an injunction (the same relief sought by the Government in this case) is a penalty subject to Section 2462. Although *Kokesh* concerned a securities law offender, the Court's analysis applies with equal force to disgorgement under 26 U.S.C. § 7402(a), the statute provision involved in this case. As in *Kokesh*, Section 7402 "bears all the hallmarks of a penalty: It is imposed as a consequence of violating a public law and it is intended to deter, not to compensate." 137 S. Ct. at 1645.

The Government's Motion to Strike [DE 34] is presently pending before this Court, on reference from Judge Bloom [*see* DE 38]. Respectfully, Meyer suggests that the outcome of that motion will control this one, and that the Court may accordingly wish to address these motions together.

## MEYER'S FEES FROM MORE THAN FIVE YEARS AGO ARE NOT RELEVANT TO A PROSPECTIVE INJUNCTION

The Government also seeks an injunction of Meyer's future conduct under 26 U.S.C. §§ 7408, 7407, and 7402. Sections 7407 and 7408 require that the Government show that Meyer engaged in conduct subject to penalty under the Internal Revenue Code, while Section 7402 allows a Court broader discretion to impose an injunction even where there is no violation of any particular provision of the Code. *See United States v. Ernst & Whinney*, 737 F.2d 1296 (11th Cir. 1984). All these provisions, however, contain a requirement that an injunction only be issued as "necessary or appropriate for the enforcement of the internal revenue laws." *See* IRC §§ 7408(a),

2

7407(b) & 7402(a). In the Eleventh Circuit, courts appear to determine the appropriateness of an injunction under these provisions with recourse to the traditional equity factors of (1) the significance of the threat of irreparable harm if the injunction is not granted; (2) the balance between the harm and the injury granting the injunction would inflict on the preparer; and (3) the public interest.

The potential harm presented by Meyer's future conduct is not dependent upon what he has done more than five years ago. The Government does not allege that Meyer's conduct is periodic or that he takes regular hiatuses. Rather, the Government alleges that Meyer has been doing the same thing during both the past five years and the previous fifteen. There's nothing more than going back more than five years would add. Accordingly, the Court will be able to assess the potential harm presented by Meyer's *future* conduct, absent an injunction, by considering his conduct over the past five years.

Of course, the Government's interrogatory request is even more attenuated than this. It does not even seek information about the conduct Meyer engaged in more than five years ago. It seeks information about the fees that he received for doing so.

## MEYER ANSWERED INTERROGATORY No. 7

Finally, the Government takes issue with Meyer's response to its interrogatory number 7 because in contends that Meyer fails to account for fees received in connection with his annual tasks of preparing tax returns and corporate filings for the Entities involved. As the Government's memorandum observes, Meyer does not dispute that he received such fees in return for providing these services and has provided the Government with all the information it needs to determine this figure.

3

Meyer disagrees, however, that these are fees "derived from the transaction." The Government's discovery requests define the "transaction" as conduct in which Meyer "assist[s] or advise[s] individuals in creating an Entity; transferring assets or property to that Entity; assigning an interest in the Entity to a charity, including (but not limited to) Indiana Endowment Fund, Inc., Grace Heritage Corporation, or National Endowment Association, Inc.; and claiming a charitable contribution tax deduction in the amount of the appraised value of the interest in the Entity assigned to the charity on their personal federal income tax returns."

Meyer is not trying to mince words here. He does not object to providing this information in the abstract.  But he does not have it readily compiled. He has already provided the Government with his invoices from which the Government may determine this information on its own. In this case, the Government has issued **84 Requests for Production of Documents**, an astonishing **1,072 Requests for Admissions**,[1] and **20 Interrogatories**. It has further indicated that it will conduct **25 depositions, including during 23 of the next 55 calendar days**. Given its tangential relationship to the merits of this case (which turns not on the amount of money Meyer received but upon the appropriateness of certain deductions), Meyer respectfully asks the Court not to shift the burden of compiling this information from his invoices onto him, especially before any transaction at all has been deemed unlawful.

---

[1]       Even a mere 506 requests for admission—fewer than half the Government propounded here—is "most assuredly excessive." *United States v. Medtronic, Inc.*, Case No. 95-1236, 2000 WL 1478476, at *4 (D. Kan. July 13, 2000).  Requests for admissions "should not be of such great number and broad scope as to cover all the issues [even] of a complex case, and obviously . . . should not be sought in an attempt to harass an opposing party." *Wilson v. Jackson Nat'l Life Ins. Co.*, Case No. 15-cv-926, 2017 WL 10402569, at *1 (M.D. Fla. Feb. 13, 2017) (internal citations omitted). Further, "[a] protective order is appropriate where the requests for admission are 'more than an attempt to nail down the disputed core facts of the case,' but rather are 'an attempt to pick every nit that a squad of lawyers could possibly see in it." *Id.*

## CONCLUSION

For the foregoing reasons, Defendant Meyer asks this Court to deny the Government's

Motion to Compel.

Dated: March 3, 2019                    Respectfully Submitted,

                                        /s/ Derick Vollrath
                                        **Jeffrey A. Neiman**
                                        Fla. Bar No. 544469
                                        jneiman@mnrlawfirm.com

                                        **Derick Vollrath**
                                        Fla. Bar No. 126740
                                        dvollrath@mnrlawfirm.com

                                        **MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
                                        100 Southeast Third Avenue, Suite 805
                                        Ft. Lauderdale, Florida 33394
                                        Telephone: (954) 462-1200

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2019, a true and correct copy of the foregoing was served

via CM/ECF on all counsel or parties of record on the Service List.

                            By:     /s/ Derick Vollrath
                                    Derick Vollrath