UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60704-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. MEYER,

    Defendant.
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AGAINST DEFENDANT MICHAEL MEYER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Final Judgment of Permanent Injunction Against Michael Meyer ("Motion"), ECF No. [95].  The Court has reviewed the Motion, the Stipulation, ECF No. [95-1], the record and applicable law, and is otherwise fully advised.  Accordingly, it is Order and adjudged that the Motion, **ECF No. [95]**, is **GRANTED**, the Stipulation, **ECF No. [95-1]**, is **APPROVED**, and **FINAL JUDGMENT**, which resolves all claims raised in this case, is **ENTERED** against Defendant Meyer as set forth below:

    1.    The Court has personal jurisdiction over Michael Meyer.

    2.    The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

    3.    For purposes of this final judgment of permanent injunction, the term "Ultimate Tax Plan" means the charitable giving plan sometimes referred to as a Charitable LLC, a Charitable Limited Partnership, the Ultimate Tax Plan, the Ultimate Plan, or any other charitable giving plan that Michael Meyer organized and sold from 1999 to the present in which individuals create an Entity; transfer property to that Entity; assign, donate, contribute, or transfer an ownership interest

in that Entity to a tax-exempt entity; and claim a charitable contribution tax deduction based on that assignment, donation, contribution, or transfer of the Entity. The term "Ultimate Tax Plan" also means the charitable giving plan sometimes referred to as a Charitable LLC, a Charitable Limited Partnership, the Ultimate Tax Plan, the Ultimate Plan, or any other charitable giving plan that Michael Meyer organized and sold from 1999 to the present in which individuals create an Entity; transfer property to that Entity; assign, donate, contribute, or transfer an ownership interest in that Entity to a tax-exempt entity; and allocate income from the Entity to the tax-exempt entity.

4. For purposes of this final judgment of permanent injunction, the term "Entity" or "Entities" means any partnership (including a limited partnership), limited liability company ("LLC"), "charitable limited partnership," "charitable LLC," beneficiary defective irrevocable trust ("BDIT"), or other entity used in connection with the Ultimate Tax Plan.

5. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Michael Meyer is **PERMANENTLY BARRED** from directly or indirectly:

    a. Organizing (or assisting in the organization of), promoting, marketing, or selling the Ultimate Tax Plan or any plan or arrangement that is substantially similar, or participating (directly or indirectly) in the sale of any interest in the Ultimate Tax Plan or any plan or arrangement that is substantially similar;

    b. Making or furnishing, or causing another to make or furnish, any statements about the tax benefits of the Ultimate Tax Plan or any plan or arrangement that is substantially similar;

    c. Organizing (or assisting in the organization of), promoting, marketing, or selling any entity, plan, or arrangement involving charitable giving, or participating (directly or indirectly) in the sale of any interest in an entity, plan, or arrangement involving charitable contributions;

    d. Furnishing, or causing another to furnish, tax advice regarding charitable contributions;

    e. Organizing (or assisting in the organization of), promoting, marketing, or selling any entity, plan, or arrangement involving federal taxes that relies upon, requires customers to execute, or uses a standard set (or substantially similar version or set) of transaction documents;

  f. Making or furnishing, or causing another to make or furnish, any statements about the tax benefits of entities, plans, or arrangements that rely upon, require customers to execute, or use a standard set (or substantially similar version or set) of transaction documents;

  g. Making or furnishing, or causing another to make or furnish, any statements in connection with the organization or marketing of a transaction having a significant purpose of avoidance or evasion of federal taxes;

  h. Preparing (or assisting others in preparing) appraisals in connection with any federal tax matter;

  i. Representing anyone other than himself before the IRS;

  j. Acting as a federal tax return preparer, or filing, assisting in, or directing the preparation or filing of federal tax returns, amended tax returns, or other related documents or forms for any person or entity other than his own individual tax returns (or his joint tax return);

  k. Assisting or advising individuals or entities in seeking tax-exempt status from the IRS;

  l. Advising, performing work for, or receiving compensation from Compassion Beyond Borders, Inc., National Outreach Foundation, Inc., Legacee Charities, Inc., Triton Charitable Foundation, Global Outreach Fund, Inc., or Family Office Foundation, Inc.;

  m. Advising, performing work for, or receiving compensation for work performed for individuals in connection with making assignments, donations, contributions, or transfers to Compassion Beyond Borders, Inc., National Outreach Foundation, Inc., Legacee Charities, Inc., Triton Charitable Foundation, Global Outreach Fund, Inc., or Family Office Foundation, Inc.; or

  n. Referring individuals to make assignments, donations, contributions, or transfers to Compassion Beyond Borders, Inc., National Outreach Foundation, Inc., Legacee Charities, Inc., Triton Charitable Foundation, Global Outreach Fund, Inc., or Family Office Foundation, Inc.

6. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to provide to counsel for the United States, within 30 days of entry of this final judgment of permanent injunction, the names and addresses of all individuals and entities that participated in the Ultimate Tax Plan since January 1, 2010.

7. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to provide to counsel for the United States, within 30 days of entry of this final judgment of permanent injunction, the names and addresses of all financial planners, insurance agents, certified public accountants, lawyers, or other financial industry professionals through whom Michael Meyer promoted or marketed the Ultimate Tax Plan since January 1, 2010.

8. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to contact by U.S. mail and, if an e-mail address is known, by e-mail, within 60 days of entry of this final judgment of permanent injunction, all individuals who participated in the Ultimate Tax Plan after January 1, 2010, enclosing a copy of this final judgment. Except the final judgment, no additional materials may be included in the notification to the customers unless approved by the United States or the Court.

9. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to provide a copy of this final judgment of permanent injunction, within 60 days of entry of this final judgment of permanent injunction, to the financial planners, insurance agents, certified public accountants, lawyers, or other financial industry professionals through whom Michael Meyer promoted or marketed the Ultimate Tax Plan, and provide to counsel for the United States within 60 days of this final judgment a signed and dated acknowledgment of receipt for each person who was provided such a copy.

10. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to provide a copy of this final judgment of permanent injunction, within 60 days of entry of this final judgment of permanent injunction, to the employees, officers, and directors of any tax-exempt entity Michael Meyer used to operate the Ultimate Tax Plan since January 1, 2010, and provide to counsel for the

United States within 60 days of this final judgment a signed and dated acknowledgment of receipt for each person who was provided such a copy.

11. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to take only one (but not both) of the following two actions to unwind the Ultimate Tax Plan within 90 days of entry of this final judgment of permanent injunction: (a) cause National Endowment Association, Inc.; Grace Heritage Corporation; Indiana Endowment Fund, Inc.; Indiana Endowment Foundation, Inc.; Indiana Outreach Fund, Inc.; and any other tax-exempt entity that Michael Meyer controls (directly or indirectly) that accepted interests in Entities from individuals in connection with the Ultimate Tax Plan to assign the interests in the Entities back to the individuals who assigned, donated, contributed, or transferred those interests; or (b) cause National Endowment Association, Inc.; Grace Heritage Corporation; Indiana Endowment Fund, Inc.; Indiana Endowment Foundation, Inc.; Indiana Outreach Fund, Inc.; and any other tax-exempt entity that Michael Meyer controls (directly or indirectly) that accepted interests in Entities from individuals in connection with the Ultimate Tax Plan to disclaim any interest in the Entities.

12. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to cause, within 90 days of entry of this final judgment of permanent injunction, National Endowment Association, Inc.; Grace Heritage Corporation; Indiana Endowment Fund, Inc.; Indiana Endowment Foundation, Inc.; Indiana Outreach Fund, Inc.; and any other tax-exempt entity that Michael Meyer controls (directly or indirectly) that accepted interests in Entities from individuals in connection with the Ultimate Tax Plan to provide an accounting of any funds remaining in their bank accounts, return the funds retained in their bank accounts in reverse chronological order to the individuals or Entities from which the funds originated, close all bank accounts, and dissolve.

13. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **PROHIBITED** from causing, directly or indirectly, National Endowment Association, Inc.; Grace Heritage Corporation; Indiana Endowment Fund, Inc.; Indiana Endowment Foundation, Inc.; Indiana Outreach Fund, Inc.; or any other tax-exempt entity that Michael Meyer controls (directly or indirectly) that accepted interests in Entities from individuals in connection with the Ultimate Tax Plan to take any other action besides the actions set forth in paragraphs 11 and 12 above.

14. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to prominently display, within 30 days of entry of the Court's final judgment of permanent injunction, a copy of this final judgment of permanent injunction on the front page of all websites he uses to advertise tax plans such as the Ultimate Tax Plan.

15. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **ORDERED** to file with the Court, within 105 days of entry of this final judgment of permanent injunction, a certification signed under penalty of perjury that he has complied with paragraphs 6 to 14 above.

16. Pursuant to 26 U.S.C. § 7402, Michael Meyer is **PROHIBITED** from making any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of this final judgment of permanent injunction.

17. The United States is permitted to engage in post-judgment discovery to ensure and monitor compliance with the final judgment of permanent injunction in this case.

18. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing the final judgment and permanent injunction in this case.

19. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds the following who receive actual notice of it by personal service or otherwise:

Case No. 18-cv-60704-BLOOM/Valle

    a. Michael Meyer;

    b. Michael Meyer's officers, agents, servants, employees, and attorneys; and

    c. other persons who are in active concert or participation with anyone described in (a) or (b).

**IT IS FURTHER ORDERED** that Michael Meyer has waived any and all right to appeal from this final judgment of permanent injunction.

The Clerk of Court is **DIRECTED TO ENTER FINAL JUDGMENT** in favor of the United States and against Michael Meyer and further **DIRECTED** to **CLOSE** this case. All remaining claims set forth in the First Amended Complaint are **DISMISSED**. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record