UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60704-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL L. MEYER,

    Defendant.

_____/

## **MOTION FOR PROTECTIVE ORDER AND OTHER APPROPRIATE RELIEF**

Defendant Michael Meyer moves this Court for an order prohibiting the Government and its client, the Internal Revenue Service, from improperly using Defendant's Rule 36 Admissions[1] as the factual basis for penalties in a separate IRS penalty examination. Rule 36(b) restrictions the use that may be made of such admissions. "An admission under this rule is not an admission *for any other purpose* and *cannot be used against the party in any other proceeding*."

Such motions and orders limiting the use of discovery are appropriate, even after the conclusion and closure of a case. *See, e.g.*, *Whitehurst v. Wal-Mart Stores East, L.P.*, Case No. 3:06-cv-191, 2007 WL 2993993, at *2 (M.D. Fla. Oct. 11, 2007) (considering sanctions and imposing use limitations on discovery after a case was dismissed with prejudice and closed).

---

[1] Because the substance of Meyer's Rule 36 Admissions is not germane to this motion, the Admissions contain sensitive information, and the Admissions have not been publicly filed, Meyer has not included them as an attachment. Meyer can of course submit them if directed and asks the Court to consider permitting *in camera* submission should it determine that review of the Admissions is necessary.

1

## BACKGROUND

### I.   A Recap of This Proceeding.

Defendant Meyer is an attorney who, for nearly twenty years, marketed and organized a charitable giving tax plan whereby donors would deduct the value of LLC membership interests that they contributed to a 501(c)(3) charitable organization. The donors did so even though the donors remained the manager of these LLCs and thereby retained some control over the LLC and its assets, subject to fiduciary obligations of care, loyalty, and the avoidance of waste owed to the 501(c)(3).[2] The Government's suit sought two forms of relief: (1) disgorgement of any fees that Meyer received over the twenty years that Meyer was involved in the plan; and (2) an injunction effectively prohibiting providing tax advice or participating in IRS proceedings involving anyone but himself. [DE 1 at 53–56.]

On the same date that the Government filed its Complaint, the Government issued a damning press release, accusing Meyer of "promot[ing], organiz[ing], and execut[ing] a national charitable giving tax scheme that has cost the United States Treasury more than $35 million." The press release also stated that "Meyer sells his scheme by making demonstrably false statements about his experience and credentials, including falsely claiming that he is a licensed Certified Public Accountant and Certified Valuation Analyst, and making false statements about the legality of his tax scheme." Regardless or the truth or nuance of these allegations,[3] this press release and the Complaint it references destroyed Defendant's business.

---

[2]   This is, admittedly, a simplification. The substance of the Government's allegations are not relevant to resolution of the instant Motion, however, and are included only as background.

[3]   For example, Meyer had obtained the credentials discussed but had allowed them to lapse, and the appropriate tax treatment of the transactions at issue has not been resolved by any court.

Parties settled this matter and Meyer agreed to an injunction. On April 25, 2019, the Parties filed a Joint Motion for Permanent Injunction. [DE 95.] The court entered this injunction. [DE 97.] It effectively prevents Meyer from continuing to market or otherwise facilitate the charitable giving tax plan. Additionally, the parties' joint motion contemplated that the IRS might pursue additional penalties against Meyer in the administrative context. The parties agreed "that entry of this Final Judgment of Permanent Injunction resolves only this civil injunction action, and neither precludes the United States from pursuing other current or future civil or criminal matters or proceedings, nor precludes Michael Meyer from contesting his liability in any matter or proceeding." [DE 95-1 at ¶5.] The Court retained jurisdiction over the action to implement and enforce the injunction. [DE 97 at ¶18.]

## II.     Defendant Michael Meyer's Request for Admission Responses

Before the case was settled, the Parties engaged in substantial discovery. During that process, Meyer responded to 459 Requests for Admission under Rule 36. This is an extraordinary number. *See, e.g.*, *Mitchell v. Yeutter*, 1993 WL 139218, at *1 (D. Kan. 1993) (holding 90 requests for admissions to be unreasonable and limiting party to 40 requests). And Meyer only did so because he was conscious that Rule 36(b) limits their use this suit and prohibits them from being used in any other context—such as a subsequent IRS proceeding.

## III.    The IRS's Subsequent Agency Proceedings

Following settlement of the injunction suit and the entry of the permanent injunction by this Court, the IRS proposed penalties against Meyer for penalties under 26 U.S.C. § 6700. The IRS handles these cases in a manner similar to an audit. A Revenue Agent is assigned. The Revenue Agent does an investigation, which can include interviews, documents requests, summonses, and other evidence-gathering steps. And then the Revenue Agent produces a Report,

the main component of which appears on a Form 866-A Explanation of Items. The Explanation of Items describes the penalties imposed, including their legal and factual bases. The IRS Agent then delivered a copy of this report to the subject of the investigation for input and rebuttal before the case is closed and a formal assessment made.

Defendant Meyer received a copy of the Explanation of Items in his § 6700 proceeding on July 24, 2020. The document proposes assessment of $7,066,039 in penalties under IRS § 6700. Importantly for this Motion, as the basis for these penalties, the IRS relied on Meyer's Rule 36 admissions in this case.

In response, Meyer's counsel wrote to the IRS Revenue Agent to inform the Revenue Agent that use of the Rule 36 Admissions in this manner was improper. Meyer attaches the letter he sent to this Memorandum as "**Exhibit 1**." In it, Meyer observes that Rule 36(b) imposes use limitations on Rule 36 Admissions. Rule 36(b) states, "An admission under this rule **is not an admission for any other purpose** and **cannot be used against the party in any other proceeding**." Meyer's counsel further observed that this Rule exists because Rule 36 admissions are designed to narrow the scope of the issues for litigation in a particular proceeding. As such, they are litigation position statements made by counsel rather than evidentiary statements from the party. *See* Fed. R. Civ. Proc. 36, Cmt. ("In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party.")[4] Meyer's counsel indicated that use of Rule 36 Admissions as

---

[4]     This rule exists to facilitate admissions and lighten the burden on the court system. Without such a use restriction, litigants would be reluctant to make admissions that could have implications in other, potentially unknown, contexts that may arise in the future.

the basis for factual determinations supporting the proposed § 6700 penalties is improper and asked the IRS to redetermine the penalty without them.

On October 20, 2020, Meyer received a letter form the Revenue Agent refusing Meyer's request. This letter is attached to this Motion as "**Exhibit 2**." It states that Meyer's position "fail[s] to take into account that the FRCP are not applicable to administrative determinations made by the Internal Revenue Service." The Agent observed, "Specifically, the FRCP are applicable to proceedings such as those described in FRCP Rule 81, Applicability of the Rules in General: Removed Actions." The IRS also cited to Fifth and Seventh Circuit case law that predated Rule 36(b)'s use limitation.

The Revenue Agent is not correct. The Rule cited concerns the applicability of the Federal Rules in removal actions. And, more fundamentally, while IRS examinations are not governed by the federal rules, the Rule 36 Admissions are a product of this case, and very much are governed by Rule 36(b)'s use restrictions.

## RELIEF REQUESTED AND ANALYSIS

Meyer respectfully asks this Court to issue an order preventing the Government and its client, the IRS, from using Meyer's Rule 36 Admissions to support factual conclusions in the IRS's Section 6700 Penalty examination.

The Court has the authority to enter such an order pursuant to its inherent powers and Rule 26(c). Requests for Admissions are a creature of the Federal Rules, and stem from this Court's power and process to control the litigants before it.[5] Meyer's Admissions are a result of this court's

---

[5] As with all discovery, should a litigant refuse to answer a Request for Admission, the court may deem the admission made, compel the response, or impose other appropriate relief upon a litigant. If a litigant continues to refuse to answer, he may subject to the Court's contempt power and imprisoned. This is what is meant by Admissions being an artifact of the Court's power and process.

process, and Courts have inherent authority to enter orders to prevent their abuse. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (upholding a protective order that restricted a newspaper's ability to publish information that a litigant obtained in discovery). The United States Supreme Court has observed, "we have no question as to the Court's jurisdiction to [limit the use of discovery] under the inherent 'equitable powers of the courts of law over their own process, to prevent abuses, oppression, and injustices." *Id.* Moreover, Rule 26(c) specifically authorizes courts to enter protective orders that limit the scope and use of discovery. *Id.* at 34–35 (observing that such protective orders can be justified under both Rule 26 and the Court's inherent authority).

The Court has jurisdiction and authority to enter orders limiting the use of discovery information even after the litigation concludes. In *Whitehurst v. Wal-Mart Stores East, L.P.*, Case No. 3:06-cv-191, 2007 WL 2993993, at *2 (M.D. Fla. Oct. 11, 2007), for example, a Plaintiff obtained a video of an incident at a Wal-Mart store from the Defendant. The video was subject to a protective order that ordered Plaintiff to "refrain from distributing the video" to anyone else "during pretrial discovery." *Id.*, at *1. Plaintiff's case was dismissed with prejudice and closed. Afterwards, Plaintiff (allegedly) delivered the video to a news station, which posted it on their website. *Id.* The *Whitehurst* Defendants then moved for contempt sanctions based upon breach of the protective order. *Id.* The Court declined, observing that the language of the order referred to disclosure only "during pretrial discovery" and the pretrial discovery period had ended with the case. But the Court further observed that it imposed this limitation in error and "informed[ed] the Plaintiff that he is prohibited from disseminating the video to any third party at any time." *Id.*, at *2. All of this motion practice occurred after the closure of the underlying case. And indeed this

---

It should also be noted that the IRS is the Department of Justice's client in this matter, and accordingly is properly before the Court and bound by this Court's orders.

6

makes perfect sense. Otherwise, any protective order imposing use limitations on discovery information would effectively expire with the closure of the case. *See also Nevil v. Ford Motor Co.*, Case No. CV 294-015, 1999 WL 1338625 (S.D. Ga. Dec. 23, 1999) (clarifying the terms of protective order governing the use of discovery information three years after a case settled and was dismissed).

Here, Defendant Meyer seeks similar relief to the defendants in *Whitehurst*: an order instructing Plaintiff that it may not use Meyer's Rule 36(b) admissions in a manner contrary to this Court's rules. Rule 36(b) imposes use restrictions on Admissions obtained pursuant to Rule 36(a). Specifically, the Rule states unambiguously that "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."

Despite this limitation, the IRS—the Government's client in this litigation and a party before the Court—is using Meyer's Admissions to establish liability in a separate IRC § 6700 penalty examination. This is improper, and the Court has the authority to order it to stop. *See Whitehurst*, 2007 WL 2993993, at *2. Though this Motion, Meyer asks that the Court do so.

## CONCLUSION

Consistent with the foregoing, Meyer asks the Court to enter an order prohibiting the IRS from using Meyer's Rule 36 Admissions made in this case against him for any other purpose. The Court should specifically prohibit the IRS's use of Meyer's Rule 36 Admissions in the IRS's § 6700 penalty examination referenced in the exhibits to this Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Defendant has conferred with counsel for Plaintiff. The parties were not able to resolve the issues raised in this Motion.

Case 0:18-cv-60704-BB   Document 98   Entered on FLSD Docket 11/20/2020   Page 8 of 8

8

Dated: November 20, 2020

Respectfully Submitted,

/s/ Jeffrey A. Neiman
**Jeffrey A. Neiman**
Fla. Bar No. 544469
jneiman@mnrlawfirm.com
**Derick Vollrath**
Fla. Bar No. 126740
dvollrath@mnrlawfirm.com

**MARCUS NEIMAN & RASHBAUM LLP**
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record on the Service List.

By: /s/ Derick Vollrath
Derick Vollrath