**INTERNAL REVENUE SERVICE** 

## FAX TRANSMISSION
## Cover Sheet

Date: October 20, 2020

**To:** Jeffrey A. Neiman, Esq.

Address/Organization: MNR

Fax Number: (954) 688-2492            Office Number: 954-462-1200

**From:** Pamela Elleman

Address/Organization: Internal Revenue Service

Fax Number: 888.847.1936            Office Number: 810.342.6184

Number of pages: 15     *Including cover page*

**Subject:** Michael Meyer

Pamela A. Elleman

917 N. Saginaw

Flint, MI 48503

Desk: 810.342.6184

E-fax: 888.847.8396

This communication is intended for the sole use of the individual to whom it is addressed and may contain confidential information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited by the provisions of the Internal Revenue code. If you have received this communication in error, please contact the sender immediately by telephone. Thank you.

10/20/2020 11:43:14 AM -0400 IRS   PAGE 2   OF 15
Case 0:18-cv-60704-BB   Document 98-2   Entered on FLSD Docket 11/20/2020   Page 2 of 15
Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

> United States Code Annotated
>   Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
>     Title XI. General Provisions

Federal Rules of Civil Procedure Rule 81

Rule 81. Applicability of the Rules in General; Removed Actions

Currentness

**(a) Applicability to Particular Proceedings.**

**(1)** *Prize Proceedings.* These rules do not apply to prize proceedings in admiralty governed by 10 U.S.C. §§ 7651-7681.

**(2)** *Bankruptcy.* These rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure.

**(3)** *Citizenship.* These rules apply to proceedings for admission to citizenship to the extent that the practice in those proceedings is not specified in federal statutes and has previously conformed to the practice in civil actions. The provisions of 8 U.S.C. § 1451 for service by publication and for answer apply in proceedings to cancel citizenship certificates.

**(4)** *Special Writs.* These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:

**(A)** is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and

**(B)** has previously conformed to the practice in civil actions.

**(5)** *Proceedings Involving a Subpoena.* These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.

**(6)** *Other Proceedings.* These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures:

**(A)** 7 U.S.C. §§ 292, 499g(c), for reviewing an order of the Secretary of Agriculture;

**(B)** 9 U.S.C., relating to arbitration;

**(C)** 15 U.S.C. § 522, for reviewing an order of the Secretary of the Interior;

**(D)** 15 U.S.C. § 715d(c), for reviewing an order denying a certificate of clearance;

**(E)** 29 U.S.C. §§ 159, 160, for enforcing an order of the National Labor Relations Board;

**(F)** 33 U.S.C. §§ 918, 921, for enforcing or reviewing a compensation order under the Longshore and Harbor Workers' Compensation Act; and

**(G)** 45 U.S.C. § 159, for reviewing an arbitration award in a railway-labor dispute.

**(b) Scire Facias and Mandamus.** The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules.

**(c) Removed Actions.**

**(1)** *Applicability.* These rules apply to a civil action after it is removed from a state court.

**(2)** *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

**(A)** 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

**(B)** 21 days after being served with the summons for an initial pleading on file at the time of service; or

**(C)** 7 days after the notice of removal is filed.

**(3)** *Demand for a Jury Trial.*

**(A)** *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

**(B)** *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:

**(i)** it files a notice of removal; or

10/20/2020 11:43:14 AM -0400 IRS                                                  PAGE 4   OF 15
Case 0:18-cv-60704-BB   Document 98-2   Entered on FLSD Docket 11/20/2020   Page 4 of 15

Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

**(ii)** it is served with a notice of removal filed by another party.

**(d) Law Applicable.**

**(1)** *"State Law" Defined.* When these rules refer to state law, the term "law" includes the state's statutes and the state's judicial decisions.

**(2)** *"State" Defined.* The term "state" includes, where appropriate, the District of Columbia and any United States commonwealth or territory.

**(3)** *"Federal Statute" Defined in the District of Columbia.* In the United States District Court for the District of Columbia, the term "federal statute" includes any Act of Congress that applies locally to the District.

**CREDIT(S)**

(Amended December 28, 1939, effective April 3, 1941; December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; April 30, 1951, effective August 1, 1951; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; December 4, 1967, effective July 1, 1968; March 1, 1971, effective July 1, 1971; March 2, 1987, effective August 1, 1987; April 23, 2001, effective December 1, 2001; April 29, 2002, effective December 1, 2002; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009.)

**ADVISORY COMMITTEE NOTES**
1937 Adoption

**Note to Subdivision (a).** Paragraph (1): Compare the enabling act, Act of June 19, 1934, U.S.C., Title 28, § 2072, formerly § 723b (Rules in actions at law; Supreme Court authorized to make) and § 2072, formerly § 723c (Union of equity and action at law rules; power of Supreme Court). For the application of these rules in bankruptcy and copyright proceedings, see Orders xxxvi and xxxvii in Bankruptcy and Rule 1 of Rules of Practice and Procedure under § 25 of the copyright act, Act of March 4, 1909, U.S.C., Title 17, former § 25 [see 412, 501 et seq.] (Infringement and rules of procedure).

For examples of statutes which are preserved by paragraph (2) see: U.S.C., Title 8, [former] ch. 9 (Naturalization); Title 28, former ch. 14 [now 153] (Habeas corpus); Title 28, former §§ 377a to 377c [now D.C.Code, Title 16 § 3501 et seq.] (Quo warranto); and such forfeiture statutes as U.S.C., Title 7, former § 116 (Misbranded seeds, confiscation), and Title 21, § 334(b), formerly § 14 (Pure Food and Drug Act--condemnation of adulterated or misbranded Food; procedure). See also *443 Cans of Frozen Eggs Product v. U.S.,* 1912, 33 S.Ct. 50, 226 U.S. 172, 57 L.Ed. 174.

For examples of statutes which under paragraph (7) will continue to govern procedure in condemnation cases, see U.S.C. [former] Title 40, [former] § 258 (Condemnation of realty for sites for public building, etc., procedure); U.S.C., Title 16, § 831x (Condemnation by Tennessee Valley Authority); U.S.C., [former] Title 40, § 120 (Acquisition of lands for public use in District of Columbia); [former] Title 40, ch. 7 [now D.C.Code, Title 16, § 1301 et seq.] (Acquisition of lands in District of Columbia for use of United States; condemnation).

**Note to Subdivision (b).** Some statutes which will be affected by this subdivision are:

U.S.C., Title 7:

§ 222 (Federal Trade Commission powers adopted for enforcement of Stockyards Act) (By reference to Title 15, § 49)

U.S.C., Title 15:

§ 49 (Enforcement of Federal Trade Commission orders and antitrust laws)

§ 77t(c) (Enforcement of Securities and Exchange Commission orders and Securities Act of 1933)

§ 78u(f) (Same; Securities Exchange Act of 1934)

§ 79r(g) (Same; Public Utility Holding Company Act of 1935)

U.S.C., Title 16:

§ 820 (Proceedings in equity for revocation or to prevent violations of license of Federal Power Commission licensee)

§ 825m(b) (Mandamus to compel compliance with Federal Water Power Act, etc.)

U.S.C., Title 19:

§ 1333(c) (Mandamus to compel compliance with orders of Tariff Commission, etc.)

U.S.C., Title 28, former:

§ 377 [now 1651] (Power to issue writs)

§ 572 [now 1923] (Fees, attorneys, solicitors and proctors)

§ 778 [former] (Death of parties; substitution of executor or administrator). Compare Rule 25(a) (Substitution of parties; death), and the note thereto.

U.S.C., Title 33:

§ 495 (Removal of bridges over navigable waters)

U.S.C., Title 45:

§ 88 (Mandamus against Union Pacific Railroad Company)

§ 153(p) (Mandamus to enforce orders of Adjustment Board under Railway Labor Act)

§ 185 (Same; National Air Transport Adjustment Board) (By reference to § 153)

U.S.C., Title 47:

§ 11 (Powers of Federal Communications Commission)

§ 401(a) (Enforcement of Federal Communications Act and orders of Commission)

10/20/2020 11:43:14 AM -0400 IRS   PAGE 6   OF 15
Case 0:18-cv-60704-BB   Document 98-2   Entered on FLSD Docket 11/20/2020   Page 6 of 15

Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

§ 406 (Same; Compelling furnishing of facilities; mandamus)

U.S.C., Title 49:
§ 19a(l) [now 11703] (Mandamus to compel compliance with Interstate Commerce Act)

§ 20(9) [now 11703] (Jurisdiction to compel compliance with interstate commerce laws by mandamus)

For comparable provisions in state practice see Smith-Hurd Ill.Stats.c. 110, § 179 (1937); Calif.Code Civ.Proc. (Deering, 1937) § 802.

**Note to Subdivision (c).** Such statutes as the following dealing with the removal of actions are substantially continued and made subject to these rules:

U.S.C., Title 28 former:
§ 71 [now 1441, 1445, 1447] (Removal of suits from state courts)

§ 72 [now 1446, 1447] (Same; procedure)

§ 73 [former] (Same; suits under grants of land from different states)

§ 74 [now 1443, 1446, 1447] (Same; causes against persons denied civil rights)

§ 75 [now 1446] (Same; petitioner in actual custody of state court)

§ 76 [now 1442, 1446, 1447] (Same; suits and prosecutions against revenue officers)

§ 77 [now 1442] (Same; suits by aliens)

§ 78 [now 1449] (Same; copies of records refused by clerk of state court)

§ 79 [now 1450] (Same; previous attachment bonds or orders)

§ 80 [now 1359, 1447, 1919] (Same; dismissal or remand)

§ 81 [now 1447] (Same; proceedings in suits removed)

§ 82 [former] (Same; record; filing and return)

§ 83 [now 1447, 1448] (Service of process after removal)

U.S.C., Title 28, §§ 1446, 1447, formerly § 72, supra, however, is modified by shortening the time for pleading in removed actions.

**Note to Subdivision (e).** The last sentence of this subdivision modifies U.S.C., Title 28, § 1652, formerly § 725 (Laws of States as rules of decision) in so far as that statute has been construed to govern matters of procedure and to exclude state judicial decisions relative thereto.

1946 Amendment

**Note to Subdivision (a).** Despite certain dicta to the contrary, *Lynn v. United States,* C.C.A.5th, 1940, 110 F.2d 586; *Mount Tivy Winery, Inc. v. Lewis,* N.D.Cal.1942, 42 F.Supp. 636, it is manifest that the rules apply to actions against the United States under the Tucker Act [28 U.S.C., §§ 41(20), 250, 251, 254, 257, 258, 287, 289, 292, 761-765 [now 791, 1346, 1401, 1402, 1491, 1493, 1496, 1501, 1503, 2071, 2072, 2411, 2412, 2501, 2506, 2509, 2510]]. See United States to use of *Foster Wheeler Corp. v. American Surety Co. of New York,* E.D.N.Y.1939, 25 F.Supp. 700; *Boerner v. United States,* E.D.N.Y.1939, 26 F.Supp. 769; *United States v. Gallagher,* C.C.A.9th, 1945, 151 F.2d 556. Rules 1 and 81 provide that the rules shall apply to all suits of a civil nature, whether cognizable as cases at law or in equity except those specifically excepted; and the character of the various proceedings excepted by express statement in Rule 81, as well as the language of the rules generally, shows that the term "civil action" [Rule 2] includes actions against the United States. Moreover, the rules in many places expressly make provision for the situation wherein the United States is a party as either plaintiff or defendant. See Rules 4(d)(4), 12(a), 13(d), 25(d), 37(f), 39(c), 45(c), 54(d), 55(e), 62(e), and 65(c). In *United States v. Sherwood,* 1941, 61 S.Ct. 767, 312 U.S. 584, 85 L.Ed. 1058, the Solicitor General expressly conceded in his brief for the United States that the rules apply to Tucker Act cases. The Solicitor General stated: "The Government, of course, recognizes that the Federal Rules of Civil Procedure apply to cases brought under the Tucker Act." (Brief for the United States, p. 31). Regarding *Lynn v. United States,* supra, the Solicitor General said: "In *Lynn v. United States* . . . the Circuit Court of Appeals for the Fifth Circuit went beyond the Government's contention there, and held that an action under the Tucker Act is neither an action at law nor a suit in equity and, seemingly, that the Federal Rules of Civil Procedure are, therefore, inapplicable. We think the suggestion is erroneous. Rules 4(d), 12(a), 39(c), and 55(e) expressly contemplate suits against the United States, and nothing in the enabling Act (48 Stat. 1064, 28 U.S.C. §§ 723b, 723c [see 2072] ) suggests that the Rules are inapplicable to Tucker Act proceedings, which in terms are to accord with court rules and their subsequent modifications (Sec. 4, Act of March 3, 1887, 24 Stat. 505, 28 U.S.C. § 761 [see 2071, 2072] )." (Brief for the United States, p. 31, n. 17.)

*United States v. Sherwood,* supra, emphasizes, however, that the application of the rules in Tucker Act cases affects only matters of procedure and does not operate to extend jurisdiction. See also Rule 82. In the Sherwood case, the New York Supreme Court, acting under § 795 of the New York Civil Practice Act, made an order, authorizing Sherwood, as a judgment creditor, to maintain a suit under the Tucker Act to recover damages from the United States for breach of its contract with the judgment debtor, Kaiser, for construction of a post office building. Sherwood brought suit against the United States and Kaiser in the District Court for the Eastern District of New York. The question before the United States Supreme Court was whether a United States District Court had jurisdiction to entertain a suit against the United States wherein private parties were joined as parties defendant. It was contended that either the Federal Rules of Civil Procedure or the Tucker Act, or both, embodied the consent of the United States to be sued in litigations in which issues between the plaintiff and third persons were to be adjudicated. Regarding the effect of the Federal Rules, the Court declared that nothing in the rules, so far as they may be applicable in Tucker Act cases, authorized the maintenance of any suit against the United States to which it had not otherwise consented. The matter involved was not one of procedure but of jurisdiction, the limits of which were marked by the consent of the United States to be sued. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure.

**Subdivision (a)(2).** The added sentence makes it clear that the rules have not superseded the requirements of U.S.C., Title 28, § 2253, formerly § 466. *Schenk v. Plummer,* C.C.A.9, 1940, 113 F.2d 726.

For correct application of the rules in proceedings for forfeiture of property for violation of a statute of the United States, such as under U.S.C., Title 22, § 405 (seizure of war materials intended for unlawful export) or U.S.C., Title 21, § 334(b) (Federal Food, Drug, and Cosmetic Act; formerly Title 21, U.S.C. § 14, Pure Food and Drug Act), see *Reynal v. United States,* C.C.A.5, 1945, 153 F.2d 929; *United States v. 108 Boxes of Cheddar Cheese,* S.D.Iowa 1943, 3 F.R.D. 40.

10/20/2020 11:43:14 AM -0400 IRS                                                                PAGE 8    OF 15
Case 0:18-cv-60704-BB   Document 98-2   Entered on FLSD Docket 11/20/2020   Page 8 of 15

Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

**Subdivision (a)(3).** The added sentence makes it clear that the rules apply to appeals from proceedings to enforce administrative subpoenas. See *Perkins v. Endicott Johnson Corp.,* C.C.A.2d 1942, 128 F.2d 208, affirmed on other grounds 63 S.Ct. 339, 317 U.S. 501, 87 L.Ed. 424; *Walling v. News Printing Inc.,* C.C.A.3, 1945, 148 F.2d 57; *McCrone v. United States,* 1939, 59 S.Ct. 685, 307 U.S. 61, 83 L.Ed. 1108. And, although the provision allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired, *Goodyear Tire & Rubber Co. v. National Relations Board,* C.C.A.6, 1941, 122 F.2d 450; *Cudahy Packing Co. v. National Labor Relations Board,* C.C.A.10, 1941, 117 F.2d 692, it is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful. See, e.g., *Peoples Natural Gas Co. v. Federal Power Commission,* App.D.C.1942, 127 F.2d 153, certiorari denied 62 S.Ct. 1298, 316 U.S. 700, 86 L.Ed. 1769; *Martin v. Chandis Securities Co.,* C.C.A.9th, 1942, 128 F.2d 731. Compare the application of the rules in summary proceedings in bankruptcy under General Order 37. See 1 *Collier on Bankruptcy,* 14th ed. by Moore and Oglebay, 326-327; 2 Collier, op.cit.supra, 1401-1402; 3 Collier, op.cit.supra, 228-231; 4 Collier, op.cit.supra, 1199-1202.

**Subdivision (a)(6).** Section 405 of U.S.C., Title 8 originally referred to in the last sentence of paragraph (6), has been repealed and § 738 [now 1451], U.S.C., Title 8, has been enacted in its stead. The last sentence of paragraph (6) has, therefore, been amended in accordance with this change. The sentence has also been amended so as to refer directly to the statute regarding the provision of time for answer, thus avoiding any confusion attendant upon a change in the statute.

That portion of subdivision (a)(6) making the rules applicable to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C. § 901 et seq.] was added by an amendment made pursuant to order of the Court, December 28, 1939, effective three months subsequent to the adjournment of the 76th Congress, January 3, 1941.

**Subdivision (c).** The change in subdivision (c) effects more speedy trials in removed actions. In some states many of the courts have only two terms a year. A case, if filed 20 days before a term, is returnable to that term, but if filed less than 20 days before a term, is returnable to the following term, which convenes six months later. Hence, under the original wording of Rule 81(c), where a case is filed less than 20 days before the term and is removed within a few days but before answer, it is possible for the defendant to delay interposing his answer or presenting his defenses by motion for six months or more. The rule as amended prevents this result.

**Subdivision (f).** The use of the phrase "the United States or an officer or agency thereof" in the rules (as e.g., in Rule 12(a) and amended Rule 73(a)) could raise the question of whether "officer" includes a collector of internal revenue, a former collector, or the personal representative of a deceased collector, against whom suits for tax refunds are frequently instituted. Difficulty might ensue for the reason that a suit against a collector or his representative has been held to be a personal action. *Sage v. United States,* 1919, 39 S.Ct. 415, 250 U.S. 33, 63 L.Ed. 828; *Smietanka v. Indiana Steel Co.,* 1921, 42 S.Ct. 1, 257 U.S. 1, 66 L.Ed. 99; *United States v. Nunnally Investment Co.,* 1942, 62 S.Ct. 1064, 316 U.S. 258, 86 L.Ed. 1455. The addition of subdivision (f) to Rule 81 dispels any doubts on the matter and avoids further litigation.

1948 Amendment

**Subdivision (a)--Paragraph (1).** The Copyright Act of March 4, 1909, as amended, was repealed and Title 17, U.S.C., enacted into positive law by the Act of July 30, 1947, c. 391, §§ 1, 2, 61 Stat. 652. The first amendment, therefore, reflects this change. The second amendment involves a matter of nomenclature and reflects the official designation of the United States District Court for the District of Columbia in Title 28, U.S.C. §§ 88, 132.

**Paragraph (2).** The amendment substitutes the present statutory reference.

**Paragraph (3).** The Arbitration Act of February 12, 1925, was repealed and Title 9, U.S.C., enacted into positive law by the Act of July 30, 1947, c. 392, §§ 1, 2, 61 Stat. 669, and the amendment reflects this change. The Act of May 20, 1926, c. 347, § 9 (44 Stat. 585), U.S.C., Title 45, § 159, deals with the review by the district court of an award of a board of arbitration under the Railway Labor Act, and provides, inter alia, for an appeal within 10 days from a final judgment of the district court to the court of appeals. It is not clear whether Title 28, U.S.C., repealed this time period and substituted the time periods provided for in Title 28, U.S.C., § 2107, normally a minimum of 30 days. If there has been no repeal, then the 10-day time period of 45 U.S.C., § 159, applies by virtue of the "unless" clause in Rule 73(a); if there has been a repeal, then the other time periods stated in Rule 73(a), normally a minimum of 30 days, apply. For discussion, see Note to Rule 73 (§ ), supra.

**Paragraph (4).** The nomenclature of the district courts is changed to conform to the official designation in Title 28, U.S.C., § 132(a).

**Paragraph (5).** The nomenclature of the district courts is changed to conform to the official designation in Title 28, U.S.C., § 132(a). The Act of July 5, 1935, c. 372, §§ 9 and 10, was amended by Act of June 23, 1947, c. 120, 61 Stat. 143, 146, and will probably be amended from time to time. Insertion in Rule 81(a)(5) of the words "as amended", and deletion of the subsection reference "(e), (g), and (i)" of U.S.C., Title 29, § 160, make correcting references and are sufficiently general to include future statutory amendment.

**Paragraph (6).** The Chinese Exclusion Acts were repealed by the Act of December 17, 1943, c. 344, § 1, 57 Stat. 600, and hence the reference to the Act of September 13, 1888, as amended, is deleted. The Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, was amended by Act of June 25, 1936, c. 804, 49 Stat. 1921, and hence the words "as amended" have been added to reflect this change and, as they are sufficiently general, to include future statutory amendment. The Nationality Act of October 14, 1940, c. 876, 54 Stat. 1137, 1172, repealed and replaced the Act of June 29, 1906, as amended, and correcting statutory references are, therefore, made.

**Subdivision (c).** In the first sentence the change in nomenclature conforms to the official designation of district courts in Title 28, U.S.C., § 132(a); and the word "all" is deleted as superfluous. The need for revision of the third sentence is occasioned by the procedure for removal set forth in revised Title 28, U.S.C., § 1446. Under the prior removal procedure governing civil actions, 28 U.S.C., § 72 (1946), the petition for removal had to be first presented to and filed with the state court, except in the case of removal on the basis of prejudice or local influence, within the time allowed "to answer or plead to the declaration or complaint of the plaintiff"; and the defendant had to file a transcript of the record in the federal court within thirty days from the date of filing his removal petition. Under § 1446(a) removal is effected by a defendant filing with the proper United States district court "a verified petition containing a short and plain statement of the facts which entitled him or them to removal together with a copy of all process, pleadings, and orders served upon him or them in such action." And § 1446(b) provides: "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." This subsection (b) gives trouble in states where an action may be both commenced and service of process made without serving or otherwise giving the defendant a copy of the complaint or other initial pleading. To cure this statutory defect, the Judge's Committee appointed pursuant to action of the Judicial Conference and headed by Judge Albert B. Maris is proposing an amendment to § 1446(b) to read substantially as follows: "The petition for removal of a civil action or proceedings shall be filed within 20 days after the receipt through service or otherwise by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." The revised third sentence of Rule 81(c) is geared to this proposed statutory amendment; and it gives the defendant at least 5 days after removal within which to present his defenses.*

The change in the last sentence of subdivision (c) reflects the fact that a transcript of the record is no longer required under § 1446, and safeguards the right to demand a jury trial, where the right has not already been waived and where the parties are at issue-"all necessary pleadings have been served." Only, rarely will the last sentence of Rule 81(c) have any applicability, since removal will normally occur before the pleadings are closed, and in this usual situation Rule 38(b) applies and safeguards the right to jury trial. See Moore's Federal practice (1st ed.) 3020.

**Subdivision (d).** This subdivision is abrogated because it is obsolete and unnecessary under Title 28, U.S.C. Sections 88, 132, and 133 provide that the District of Columbia constitutes a judicial district, the district court of that district is the United States District Court for the District of Columbia, and the personnel of that court are district judges. Sections 41, 43, and 44 provide that the District of Columbia is a judicial circuit, the court of appeals of that circuit is the United States Court of Appeals for the District of Columbia, and the personnel of that court are circuit judges.

**Subdivision (e).** The change in nomenclature conforms to the official designation of the United States District Court for the District of Columbia in Title 28, U.S.C., §§ 132(a), 88.

1963 Amendment

**Subdivision (a)(4).** This change reflects the transfer of functions from the Secretary of Commerce to the Secretary of the Interior made by 1939 Reorganization Plan No. II, § 4(e), 53 Stat. 1433.

**Subdivision (a)(6).** The proper current reference is to the 1952 statute superseding the 1940 statute.

**Subdivision (c).** Most of the cases have held that a party who has made a proper express demand for jury trial in the State court is not required to renew the demand after removal of the action. *Zakoscielny v. Waterman Steamship Corp.,* 16 F.R.D. 314 (D.Md.1954); *Talley v. American Bakeries Co.,* 15 F.R.D. 391 (E.D.Tenn.1954); *Rehrer v. Service Trucking Co.,* 15 F.R.D. 113 (D.Del.1953); 5 *Moore's Federal Practice* ¶38.39[3] (2d ed. 1951); 1 Barron & Holtzoff, *Federal Practice & Procedure* § 132 (Wright ed. 1960). But there is some authority to the contrary. *Petsel v. Chicago, B. & Q.R. Co.,* 101 F.Supp. 1006 (S.D.Iowa 1951); *Nelson v. American Nat. Bank & Trust Co.,* 9 F.R.D. 680 (E.D.Tenn.1950). The amendment adopts the preponderant view.

In order still further to avoid unintended waivers of jury trial, the amendment provides that where by State law applicable in the court from which the case is removed a party is entitled to jury trial without making an express demand, he need not make a demand after removal. However, the district court for calendar or other purposes may on its own motion direct the parties to state whether they demand a jury, and the court must make such a direction upon the request of any party. Under the amendment a district court may find it convenient to establish a routine practice of giving these directions to the parties in appropriate cases.

**Subdivision (f).** The amendment recognizes the change of nomenclature made by Treasury Dept. Order 150-26(2), 18 Fed.Reg. 3499 (1953).

As to a special problem arising under Rule 25 (Substitution of parties) in actions for refund of taxes, see the Advisory Committee's Note to the amendment of Rule 25(d), effective July 19, 1961; and 4 *Moore's Federal Practice* ¶25.09 at 531 (2d ed. 1950).

1966 Amendment

See Note to Rule 1, supra.

Statutory proceedings to forfeit property for violation of the laws of the United States, formerly governed by the admiralty rules, will be governed by the unified and supplemental rules. See Supplemental Rule A.

Upon the recommendation of the judges of the United States District Court for the District of Columbia, the Federal Rules of Civil Procedure are made applicable to probate proceedings in that court. The exception with regard to adoption proceedings is removed because the court no longer has jurisdiction of those matters; and the words "mental health" are substituted for "lunacy" to conform to the current characterization in the District.

The purpose of the amendment to paragraph (3) is to permit the deletion from Rule 73(a) of the clause "unless a shorter time is provided by law." The 10 day period fixed for an appeal under 45 U.S.C. § 159 is the only instance of a shorter time provided for appeals in civil cases. Apart from the unsettling effect of the clause, it is eliminated because its retention would preserve the 15 day period heretofore allowed by 28 U.S.C. § 2107 for appeals from interlocutory decrees in admiralty, it being one of the purposes of the amendment to make the time for appeals in civil and admiralty cases uniform under the unified rules. See Advisory Committee's Note to subdivision (a) of Rule 73.

1968 Amendment

The amendments eliminate inappropriate references to appellate procedure.

1971 Amendment

Title 28, U.S.C., § 2243 now requires that the custodian of a person detained must respond to an application for a writ of habeas corpus "within three days unless for good cause additional time, not exceeding twenty days, is allowed." The amendment increases to forty days the additional time that the district court may allow in habeas corpus proceedings involving persons in custody pursuant to a judgment of a state court. The substantial increase in the number of such proceedings in recent years has placed a considerable burden on state authorities. Twenty days has proved in practice too short a time in which to prepare and file the return in many such cases. Allowance of additional time should, of course, be granted only for good cause.

While the time allowed in such a case for the return of the writ may not exceed forty days, this does not mean that the state must necessarily be limited to that period of time to provide for the federal court the transcript of the proceedings of a state trial or plenary hearing if the transcript must be prepared after the habeas corpus proceeding has begun in the federal court.

1987 Amendment

The amendments are technical. No substantive change is intended.

2001 Amendment

Former Copyright Rule 1 made the Civil Rules applicable to copyright proceedings except to the extent the Civil Rules were inconsistent with Copyright Rules. Abrogation of the Copyright Rules leaves the Civil Rules fully applicable to copyright proceedings. Rule 81(a)(1) is amended to reflect this change.

The District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. 91-358, 84 Stat. 473, transferred mental health proceedings formerly held in the United States District Court for the District of Columbia to local District of Columbia courts. The provision that the Civil Rules do not apply to these proceedings is deleted as superfluous.

The reference to incorporation of the Civil Rules in the Federal Rules of Bankruptcy Procedure has been restyled.

**Changes Made After Publication and Comments**

The Committee Note was amended to correct the inadvertent omission of a negative. As revised, it correctly reflects the language that is stricken from the rule.

2002 Amendment

This amendment brings Rule 81(a)(2) into accord with the Rules Governing § 2254 and § 2255 proceedings. In its present form, Rule 81(a)(2) includes return-time provisions that are inconsistent with the provisions in the Rules Governing §§ 2254

10/20/2020 11:43:14 AM -0400 IRS                                    PAGE 12   OF 15
Case 0:18-cv-60704-BB   Document 98-2   Entered on FLSD Docket 11/20/2020   Page 12 of 15

Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

and 2255. The inconsistency should be eliminated, and it is better that the time provisions continue to be set out in the other rules without duplication in Rule 81. Rule 81 also directs that the writ be directed to the person having custody of the person detained. Similar directions exist in the § 2254 and § 2255 rules, providing additional detail for applicants subject to future custody. There is no need for partial duplication in Rule 81.

The provision that the civil rules apply to the extent that practice is not set forth in the § 2254 and § 2255 rules dovetails with the provisions in Rule 11 of the § 2254 rules and Rule 12 of the § 2255 rules.

**Changes Made After Publication and Comment** The only change since publication is deletion of an inadvertent reference to § 2241 proceedings.

2007 Amendment

The language of Rule 81 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Rule 81(c) has been revised to reflect the amendment of 28 U.S.C. § 1446(a) that changed the procedure for removal from a petition for removal to a notice of removal.

Former Rule 81(e), drafted before the decision in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), defined state law to include "the statutes of that state and the state judicial decisions construing them." The *Erie* decision reinterpreted the Rules of Decision Act, now 28 U.S.C. § 1652, recognizing that the "laws" of the states include the common law established by judicial decisions. Long-established practice reflects this understanding, looking to state common law as well as statutes and court rules when a Civil Rule directs use of state law. Amended Rule 81(d)(1) adheres to this practice, including all state judicial decisions, not only those that construe state statutes.

Former Rule 81(f) is deleted. The office of district director of internal revenue was abolished by restructuring under the Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. 105-206, July 22, 1998, 26 U.S.C. § 1 Note.

2009 Amendment

**[Subdivision (c)]** The times set in the former rule at 5, 10, and 20 days have been revised to 7, 14, and 21 days, respectively. See the Note to Rule 6.

**[Subdivision (d)]** Several Rules incorporate local state practice. Rule 81(d) now provides that "the term 'state' includes, where appropriate, the District of Columbia." The definition is expanded to include any commonwealth or territory of the United States. As before, these entities are included only "where appropriate." They are included for the reasons that counsel incorporation of state practice. For example, state holidays are recognized in computing time under Rule 6(a). Other, quite different, examples are Rules 64(a), invoking state law for prejudgment remedies, and 69(a)(1), relying on state law for the procedure on execution. Including commonwealths and territories in these and other rules avoids the gaps that otherwise would result when the federal rule relies on local practice rather than provide a uniform federal approach. Including them also establishes uniformity between federal courts and local courts in areas that may involve strong local interests, little need for uniformity among federal courts, or difficulty in defining a uniform federal practice that integrates effectively with local practice.

Adherence to a local practice may be refused as not "appropriate" when the local practice would impair a significant federal interest.

Notes of Decisions (228)

Rule 81. Applicability of the Rules in General; Removed Actions, FRCP Rule 81

Fed. Rules Civ. Proc. Rule 81, 28 U.S.C.A., FRCP Rule 81
Including Amendments Received Through 10-1-20

End of Document                                              © 2020 Thomson Reuters. No claim to original U.S. Government Works.



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

| | |
|---|---|
| Internal Revenue Service<br>917 N. Saginaw<br>Flint, MI 48503 | Date:<br>  October 20.2020<br>Taxpayer ID Number (last 4 digits):<br>  6294<br>Person to contact:<br>  Pamela Elleman<br>Contact telephone number: |
| Jeffrey A Neiman, Esq.<br>Marcus Neiman Rashbaum & Pineiro LLP<br>100 Southeast Third Ave, Ste. 805<br>Fort Lauderdale, Florida 33394 | 810.342.6184<br>Contact fax number:<br>  888.847.1936<br>Employee ID number:<br>  00237217 |

RE: Your response to proposed I.R.C. § 6700 penalties asserted against Michael Meyer.

Dear Mr. Neiman:

We are in receipt of your letter requesting the reconsideration of the proposal of penalties against Michael L. Meyer under I.R.C. § 6700 for $119,175 in tax year 2005; $136,581 in tax year 2006; $66,225 in tax year 2007; $171,300 in tax year 2008; $145,700 in tax year 2009; 379.945 in tax year 2010; $123,765 in tax year 2011; $647,225 in tax year 2012; $743,788 in tax year 2013; $475,768 in tax year 2014; $1,448,388 in tax year 2015; $1,413,398 in tax year 2016; $1,071,657 in tax year 2017; and, $123,125 in tax year 2018.

We received your timely response dated September 8, 2020. In your response you argue that it is improper for the IRS to rely upon information derived from the answer and discovery process in Mr. Meyer's injunction case in the determination to assert I.R.C. § 6700 penalties. You allege that it is a violation of the Federal Rules of Civil Procedure (FRCP) Rule 36, specifically Rule 36(b) which states, "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."

You correctly state the FRCP, however, you fail to take into account that the FRCP are not applicable to administrative determinations made by the Internal Revenue Service. Specifically, the FRCP are applicable to proceedings such as those described in FRCP Rule 81, Applicability of the Rules in General: Removed Actions.

The "proceedings" are court actions, not predecisional actions of an administrative or executive agency. We are attaching a copy of FRCP Rule 81 and note the proceedings it outlines do not include an administrative determination made by the Internal Revenue Service.

2

The Fifth Circuit Court of Appeals addressed this issue and stated:

> To contend that the proceeding itself before the Commissioner or the Internal Revenue agent is also a civil case subject to the Rules of Civil Procedure, and particularly to Rule 43(a) as to the admissibility of Evidence would be going too far. For, speaking generally, the system of rules of evidence, in force for trials by jury or even in courts of equity is not applicable, either by historical precedent, or by sound practical policy, to inquiries of fact determinable by administrative tribunals or officers.

Falsone v. U.S., 205 F.2d 734, 742 (5th Cir. 1953). See also, F.T.C. v. St. Regis Paper Co., 304 F.2d 731 (7th Cir. 1962). In LeBlanc v. Spector, 378 F. Supp. 310, 315 (D. Conn. 1974), the District Court came to the same conclusion, and stated as follows:

> The admissions requested of defendant in the instant action, while they cannot be used against him in any other proceeding, Rule 36(b), "could lead to other evidence that might be so used." Kastigar v. United States, supra, 406 U.S. at 445. Moreover, defendant's admission of things otherwise in dispute, in advance of plaintiff's being put to his proof, might in itself lead a prosecutor to decide that defendant could successfully be prosecuted, and hence lead to a decision to prosecute which might have otherwise been made, if at all, only after plaintiff had succeeded in obtaining a civil judgment against defendant.

In conclusion, based upon our review of your response dated September 8, 2020 and consideration of the legal arguments set forth, we have determined that the penalties under I.R.C. § 6700 totaling $7,066,039 for the tax periods 2005 through 2018 apply as indicated in the Form 886-A Explanation of Items and related exhibits enclosed with the Letter 5390 previously issued to your client, Michael Meyer, on July 24, 2020.

If you would like to submit a written rebuttal to the penalty report issued on July 24, 2020 please do so by October 30, 2020. If your written rebuttal is not received by the then, the investigation will be closed based upon the information available.

If you have any questions regarding this matter, please feel free to contact me at the number indicated above.

Sincerely,

*Pamela Elleman*

Pamela Elleman
Internal Revenue Agent