UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60704-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL L. MEYER,

    Defendant.
_____/

## REPLY IN SUPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND OTHER APPROPRIATE RELIEF

Defendant Michael Meyer files this Response in further support of his Motion for Protective Order and Other Appropriate Relief [DE 98]. This Motion concerns two issues. The first is the use to which the Government and its client, the Internal Revenue Service, may put Admissions ("RFA Responses") that Defendant Meyer made, through counsel, pursuant to a Request under Federal Rule of Civil Procedure 36 made during this litigation. The second is the Court's power to enforce these limitations. Both these issues have straightforward resolutions. Per the plain text of Rule 36(b), an RFA response "is not an admission for any other purpose and cannot be used against the party in any other proceeding." And enforcement of this limitation is squarely within the Court's purview and jurisdiction in this case.

Like all discovery, Requests for Admission are artifacts of this Court's process. The Government has these admissions only because the Court's rules authorize them, and the Court's contempt power will compel a litigant's response. But through its rules, the Court has subjected its use of this power to compel RFA responses to the important limitation that RFA responses are "not for any other purpose" and may only be used in the litigation in which they are obtained. For

1

a party to use them for any other purpose is accordingly an abuse of the Court's process, and "a court may not permit its process to be abused." *United States v. Powell*, 379 U.S. 48, 58 (1964).

With these principles in mind, Defendant Meyer turns to the arguments made in the Government's Response. First, this Reply will address the threshold issue of whether use of Meyer's RFA responses to support a Section 6700 audit is appropriate. Second, this Reply will address the Court's authority to order the IRS not to use the Requests for Admission in this way. Building upon this second argument, this Reply devotes discrete sections to addressing the Government's argument that the Federal Rules do not apply to IRS Audits and that Defendant's requested relief is precluded because the limitation he seeks to enforce is found in a Rule rather than a protective order.

**I.      The IRS's use of Meyer's RFA Responses in the audit proceedings is forbidden by Rule 36(b).**

The threshold issue in this matter is whether the IRS's use of Defendant's RFA Responses is inappropriate. In footnote 13, appearing on page 13 of the Government's Response (and in a related footnote), the Government takes the extraordinary position that "The IRS appropriately relied on Meyer's RFA responses during its administrative penalty determination." [DE 104 at 13 n.13.] As its only support for this proposition, the Government states that "Requests for Admission serve an important purpose: they eliminate the necessity to prove undisputed facts." [*Id.*]

The Government's position is remarkable. It directly contradicts the plain language of the Rule 36(b) that an RFA Response "is not an admission for any other purpose and cannot be used against the party in any other proceeding." It directly contradicts Rule 36(b)'s Committee Notes, which state that Rule 36 gives "an admission a conclusively binding effect, *for the purposes only of the pending action*" and that RFA responses are comparable to "a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." Rule 36 Cmt. Notes to 1970

2

Amd. (emphasis added). And it directly contradicts available case law. *E.g.*, *Annamalai v. Warden*, 760 F. App'x 843, 850 (11th Jan. 18, 2019) (upholding district court disregard of RFA Responses made in separate proceeding); *Uber Promotions, Inc. v. Uber Techs., Inc.*, 2016 WL 9115991, at *1 (N.D. Fla. 2016) (observing that, due to the use limitation in Rule 36(b), "any admissions made by Tech in *this* lawsuit under Rule 36 could not be used against it" in a subsequent suit); *Russell v. Gilliam*, 2006 WL 166366, at *3 (S.D. Ala. June 9, 2006) ("Any admission made by a party under [Rule 36] is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.").

Against this authority, the Government cites only *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F. R.D. 38, 42 (S.D.N.Y. 1997). This case simply has nothing to do with the use of RFA Responses outside the litigation in which they were made. Rather, it stands for the proposition—agreed with by Defendant—that RFA Responses limit the issues for litigation *in the case in which they are made*. Per *T. Rowe Price*, "The purpose of [Rule 36] is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." As Defendant observes in its initial Motion, this purpose would be undone if a party could use RFA Responses outside of the litigation because a party would have to consider not only its effect on the specific case, but also any affect the admission could have in any other context.

**II.     This Court has jurisdiction and authority to enforce Rule 36(b)'s use limitations over the RFA Responses obtained in this case.**

Defendant now turns to the Government's primary argument: that this Court lacks subject matter jurisdiction or other authority to grant Defendant the relief that his Motion seeks. Specifically, the Government argues that (1) Defendant has failed to identify a basis for subject-matter jurisdiction over this dispute; (2) the Government has not waived sovereign immunity over

3

this issue; and (3) the Anti-Injunction Act, 26 U.S.C. § 7421, precludes the relief that Defendant's Motion seeks. The Government is wrong on all counts.

The crux of the Government's arguments on this score is the Government's characterization of this Motion as a "new matter," rather than a Motion made in the preexisting injunction case. [*See* DE 104 at 6 (Meyer seeks relief "without explaining how the Court has subject-matter jurisdiction over this new matter")][1].

---

[1] In footnote 9 to its Response, the Government contends that "[t]he correspondence attached to Meyer's Motion demonstrates that this is a new matter and not a discovery dispute in the closed injunction case." This is so because if it were not a new matter, (1) Meyer's counsel would have violated Florida's prohibition on communication with represented parties in discussing the issue with the IRS; and (2) the thirty-day deadline for discovery motions would have lapsed.

Both these arguments are without merit. As to the first, the commentary to Rule Regulating The Florida Bar 4-4.2 makes clear two applicable exceptions to its general prohibition on communication with represented parties. First, "a lawyer having independent justification for communicating with the other party is permitted to do so." And such "[p]ermitted communications include, for example, the right of a party to a controversy with a government agency to speak with government officials about the matter." Second, an attorney may speak with a represented party with permission of their representative.

Here, both Parties anticipated the possibility of § 6700 penalty proceedings against Meyer in negotiating settlement (though no formal decision had apparently been made by the IRS). Undersigned counsel formally registered as Meyer's Powers of Attorney in the § 6700 proceeding when it began, through filing of an IRS Form 2848. And it was contemplated, understood, and consented to (albeit impliedly) that the undersigned would engage directly with the IRS on all matters concerning IRS § 6700 proceedings. This would include the misuse in those proceedings of RFA Responses obtained in this case. Further, it is of course Defendant Meyer's right to have counsel of his choosing work with the IRS on that proceeding, and this serves as an "independent justification" for the contact under Rule 4-4.2.

The Government's second argument—concerning the timeliness of this Motion—also fails. Local Rule 26.1(g)(1) imposes a 30-day deadline to file a discovery motion from the "(a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned or should have learned of a purported deficiency concerning the production of discovery materials." None of these situations apply here. This dispute concerns the ongoing improper *use* of RFA Responses obtain in this case. Moreover, the dispute here arose not (as the Government contends) on September 8, 2020, when the undersigned informed the IRS of the impropriety of their use of the RFA Responses. Rather, the

4

But this is not a new matter. This is a motion filed to enforce court-imposed limitations on the use of RFA Responses obtained *in this case*. Such motions seeking to enforce limitations on the use of discovery are properly—and regularly—filed in the case in which the improperly used discovery is obtained. This is so even after that case is closed. *See Whitehurst v. Wal-Mart Stores East, L.P.*, 2007 WL 2993993, at *1–3 (M.D. Fla. Oct. 11, 2017); *Nevil v. Ford Motor Co.*, 1999 WL 1338625, at *5 (S.D. Ga. 1999). The Government cites no authority for its contrary proposition that such a motion constitutes a new matter in its own right. There appears to be none.

Because this is not a new matter, the Government's arguments concerning subject matter jurisdiction, sovereign immunity, and the Anti-Injunction Act necessarily fail. The Government initiated this suit. Within this suit, the Government made the Requests leading to the RFA Responses at issue in this Motion. In initiating this suit and making the requests, the Government consented to be bound by the Court's rules governing these admissions and such ancillary orders required to give them effect. "[W]hen the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant." *Mattingly v. United States*, 939 F.2d 816, 818 (9th Cir. 1991) (rejecting the Government's sovereign immunity arguments and imposing Rule 11 sanctions against the United States); *see also United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir. 1980) (upholding sanctions against the Government for discovery violations under Rule 37(b)); *accord Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel*, 549 F. Supp. 540 (S.D. Fla. 1982) (holding that the State of Florida had waived sovereign immunity by bringing suit and observing that "[t]he

---

dispute arose no earlier than October 20, 2020, when the IRS rejected counsel's concerns and announced its intention to continue improperly using the RFA Responses.

State cannot have it both ways; it is either in the suit as a claimant subjecting its rights to decision or else it is out of the suit altogether.").

Accordingly, the Government's argument that Defendant has failed to identify a statute that confers subject-matter jurisdiction on the court is without merit. The basis for the Court's subject-matter jurisdiction over this case is the same as that pleaded in the Government's Amended Complaint: 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a), 7407, and 7408. [*See* DE 29 at 3.] Further, the Rules Enabling Act, 28 U.S.C. § 2072, *et seq.*, granted Courts the authority to promulgate the Rules of Civil Procedure, subject to congressional oversite. Federal Rule of Civil Procedure 1 explicitly states that the rules shall govern "in all civil actions and proceedings in the United States district court, except as stated in Rule 81." Although Rule 81 sets forth a litany of circumstances in which the rules will not apply, it contains no carve-out exempting the United States.[2] And, of course, the All Writs Act at 28 U.S.C. § 1651 authorizes all courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The United States' arguments based on sovereign immunity accordingly fail. When the United States filed this suit against Defendant, it subjected itself to this Court's rules.

The fact that this is not a new matter also defeats the Government's arguments based upon the Tax Anti-Injunction Act. The Tax Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person,

---

[2]  Some individual rules *do* provide explicit exemptions to the United States. Rule 55(d), for example, states that—contrary to the general rule—"[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." No similar special rule exempts the United States from the general applicability of Rule 36(b)'s use limitation on RFA responses. It is bound to the same extent as any other litigant.

whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Act means what it says: It applies only to *suits* that are brought for the purpose of restraining the assessment of a tax. But this Motion is not such a suit. Rather, it is a motion made in a suit that was brought, by the Government, for the purpose of enjoining Defendant and facilitating the assessment or collection of tax, as set forth in the operative Amended Complaint. [*See* DE 29.] The Anti-Injunction Act accordingly simply does not apply to this case.

Following this line of textual reasoning, the Second and Third Circuits have held that a taxpayer may even bring counterclaims for injunctive relief against the IRS in suits such as this. Per *United States v. First Nat'l City Bank*, 568 F.2d 853 (2d Cir. 1977), "Section 7421(a) has *no application* to counterclaims or defenses interposed by a taxpayer in an action brought by the Government." *Id.* at 856. Rather, "[b]y its terms, this statute applies only to a 'suit for the purpose of restraining the assessment or collection of any tax,' meaning of course **a suit by the taxpayer**." *Id.* (emphasis added). The Second Circuit viewed this principle as fundamental: "It would seem fundamental that when Congress confers jurisdiction upon the district courts to entertain a government action to collect taxes, it may not bar a taxpayer from asserting in such action counterclaims or defenses which affect his rights with respect to the taxes sought to be collected." *Id.*

The Third Circuit reached the same conclusion in *United States v. Mellon Bank, N.A.*, 521 F.2d 708 (3d Cir. 1975). There, the Third Circuit held that "[t]he district court erred in concluding that it was without jurisdiction to consider Meissner's counterclaims on the basis of the Anti-Injunction Act." *Id.* at 711. The Act "divests the court of jurisdiction over any 'suit for the purpose of restraining the assessment or collection of any tax.'" *Id.* But the *Mellon Bank* taxpayer "did not sue to enjoin the assessment or collection of any tax[;] in fact he filed no suit at all." *Id.*

7

Likewise, here, Defendant Meyer has filed no suit to enjoin the assessment or collection of a tax. Rather, he moves this Court to vindicate the Rules' guarantee that the RFA Responses he made in this, the *Government's* suit to enjoin *him*, will be used only as permitted by the Court's rules pursuant to which the admissions were made. The Government may not initiate suit, obtain Rule 36(b) admissions, and then use the Tax Anti-Injunction act to bar a taxpayer from insisting upon his rights within that litigation. *See First Nat'l City Bank*, 568 F.2d at 856.

Because this is a Motion properly made in this, the Government's injunction suit—rather than a stand-alone suit brought for the purpose of enjoining the assessment or collection of a tax—the Government's cited caselaw is inapposite. In support of its Anti-Injunction Act arguments, the Government relies upon a litany of cases: *Hempel v. United States*, 14 F.3d 572 (11th Cir. 1994); *O'Brien v. Evans*, 560 F. Supp. 228 (D. Or. 1983); *Love v. IRS PALS*, 2011 WL 5508803 (S.D. Fla. Oct. 21, 2011); *Bob Jones Univ. v. Simon*, 416 U.S. 725 (1974); *Hobson v. Fischbeck*, 758 F.2d 579 (11th Cir. 1985); *Gulden v. United States*, 287 F. App'x 813 (11th Cir. 2008); *Enochs v. Williams Packing Co.*, 370 U.S. 1 (1962); *Lowrie v. United States*, 824 F.2d 827 (10th Cir. 1987); *Dickens v. United States*, 671 F.2d 969 (6th Cir. 1982); *Koin v. Coyle*, 402 F.2d 468 (7th Cir. 1968); and *First Atlas Funding Corp. Through Kersting v. United States*, 23 Cl. Ct. 137 (1991). But **Every one** of these cases concerns a suit initiated by the Taxpayer and that sought to enjoin the assessment or collection of a tax. **None** concern a case like this one, in which the *Government* brought suit and the defendant merely insists upon the enforcement of the procedural safeguards to which the Federal Rules entitle him.

The Anti-Injunction Act accordingly does not apply to bar Defendant's Motion.[3]

---

[3] In footnote 10 to Response, the Government also argues that "Meyer's Motion fails to show an actionable injury and should be dismissed on ripeness grounds." Per the Government, this is because "Meyer apparently speculates that the government will not obey the law if there is a

### III. That the Federal Rules of Civil Procedure do not apply to IRS audits is beside the point.

In response to Defendant's objections to the IRS's use of his RFA Responses, the IRS argued that this use limitation did not apply because an IRS audit is not a procedure governed by the Federal Rules of Civil Procedure. This was the IRS's *only* proffered justification for using the RFA Responses. In its Response, however, the Government demotes this argument to its third ground for denying Defendant's Motion. This is appropriate. The argument is especially weak.

In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court upheld a district court's order prohibiting a newspaper from writing articles using information that the newspaper obtained in discovery in a civil suit. In *Whitehurst v. Wal-Mart Stores East, L.P.*, 2007 WL 2993993 (M.D. Fla. Oct. 11, 2007), the Middle District of Florida held that a litigant could not turn discovery information over to be posted upon a television station's website. Neither the newspaper nor the television station's publication processes are covered by the Federal Rules of Civil Procedure. But that is not what matters.

Rather, what matters is that the party litigant obtained the information being misused through discovery procedures that *are* subject to the Federal Rules. Regardless of where the litigant later takes this discovery information, the Court retains authority to enforce the limitations that the Court imposes on that information's use. Because the IRS is a party to *this case* and obtained Defendant's RFA Responses subject to the use limitations set forth by the rules of *this court*, this Court has the authority to enter such orders as are required to enforce those limitations.

### IV. That the limitations on the RFA Responses' use are provided by Rule rather than Order is a distinction without a difference.

---

subsequent civil action." But this is not correct. Meyer contends that the IRS—by using Meyer's RFA responses as admissions in the § 6700 administrative proceedings—is violating Rule 36(b)'s use limitations *now*.

9

Attempting to distinguish the *Seattle Times Co.*, *Whitehurst*, and *Nevil* cases upon which Defendant Meyer relies in his Motion, the Government observes at pages 16 and 17 of its Response that—in contrast to those cases—no protective order has been entered in this case. This observation is correct. But it is without any legal significance. Unlike use limitations on document discovery and interrogatories, Rule 36(b)'s use limitation is built into the civil rules. They are, in essence, automatic.[4] Accordingly, no separate order is required to give it effect and render it enforceable by subsequent order. The Court has inherent authority, as well as authority under 28 U.S.C. § 1651, to enter orders necessary or appropriate to enforce its rules, including Rule 36(b)'s use limitation.

To hold otherwise would burden the parties and the Court with unnecessary make-work. If a party wished to enforce Rule 36(b)'s limitation on the use of RFA Responses after the end of the proceeding in which they were made, that party would—within 30 days of receiving the Requests—have to move for a protective order simply reiterating what Rule 36(b) already states: that the admissions are for the purpose of this case only and may not be used in any other proceeding. This would of course subvert Rule 1's instruction that the Court administer the rules to achieve the just, speedy, and inexpensive determination of every cause.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order directing the Government that it may not use the Defendant's RFA Responses for any purpose other than as admissions in *this proceeding*.

---

[4] *See Leonia Amusement Corp. v. Loew's Inc.*, 18 F.R.D. 503, 508 (S.D.N.Y. 1955) (holding that certain proposed interrogatories were essentially Rule 36 admissions and observing, "With respect to a number of the interrogatories the questions seem to me to be requests for admissions of fact and there should be a provision in the order that plaintiff's use of defendants' answers to these should be limited as required by Rule 36(b)."

Dated: December 11, 2020                              Respectfully Submitted,

<u>/s/ Derick Vollrath</u>
**Jeffrey A. Neiman**
Fla. Bar No. 544469
jneiman@mnrlawfirm.com
**Derick Vollrath**
Fla. Bar No. 126740
dvollrath@mnrlawfirm.com

**MARCUS NEIMAN & RASHBAUM LLP**
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 11, 2020, a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record on the Service List.

By:     <u>/s/ Derick Vollrath</u>
            Derick Vollrath