UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60704-BLOOM/VALLE

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL L. MEYER,

      Defendant.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant Michael Meyer's Motion for Protective Order and Other Appropriate Relief (ECF No. 98) (the "Motion"). United States District Judge Beth Bloom has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 102); *see also* 28 U.S.C. § 636(c). Accordingly, having reviewed the Motion, the United States' Response in Opposition (ECF No. 104), Defendant's Reply (ECF No. 105), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **DENIED** for the reasons set forth below.

## I.    BACKGROUND

On April 3, 2018, the United States commenced this action against Defendant Michael Meyer. (ECF No. 1). On August 17, 2018, the United States filed a First Amended Complaint for Permanent Injunction and other Relief against Defendant. *See* (ECF No. 29) (the "First Amended Complaint"). The First Amended Complaint generally alleged that, from 1999 to the date of the filing of the First Amended Complaint, Defendant "promoted an abusive tax scheme that result[ed] in scheme participants claiming unwarranted federal income tax deductions for bogus charitable

contributions." *Id.* ¶ 10.  On September 1, 2018, Defendant filed his Answer to the First Amended

Complaint, Affirmative Defenses, and Jury Trial Demand.  *See generally* (ECF No. 32).

As part of this civil injunction action, the parties engaged in substantial discovery, but

ultimately settled the case with Defendant agreeing to being permanently enjoined.  (ECF No. 97).

Specifically, on April 25, 2019, the parties filed a Joint Motion for Permanent Injunction, which

the District Court entered shortly thereafter.  (ECF Nos. 95, 97).  Notably, the Final Judgment of

Permanent Injunction resolved the civil injunction case, but did not preclude the United States

from "pursuing other current or future civil or criminal matters or proceedings," or preclude

Defendant from "contesting his liability in any matter or proceeding."  (ECF No. 95-1 ¶ 5).  The

parties also agreed that the "[District] Court shall retain jurisdiction over this case for the purpose

of implementing and enforcing th[e] Final Judgment of Permanent Injunction."  (ECF No. 95-1

¶ 7); *see also* (ECF No. 97 ¶ 18).

Subsequent to the settlement and entry of a Final Permanent Injunction, the IRS began an

administrative investigation against Defendant for civil penalties under 26 U.S.C. § 6700.[1]  (ECF

Nos. 98 at 3).  According to Defendant, as part of that § 6700 investigation, the IRS issued a report

(Form 866-A Explanation of Items), which described the assessed penalties, including their legal

and factual basis.  *Id.* at 3-4.  On July 24, 2020, Defendant received a copy of the Form 866-A

Explanation of Items, which proposed an assessed penalty against Defendant of more than

$7 million.  *Id.* at 4; *see also* (ECF Nos. 98-1, 98-2).  According to Defendant, the IRS used

Defendant's admissions under Federal Rule of Civil Procedure 36 (the "Rule 36 Admissions")

from the civil injunction case to determine the tax penalties to be assessed in the § 6700

investigation.  (ECF No. 98 at 4).  On September 8, 2020, Defendant wrote to the IRS objecting to

---

[1] Generally, § 6700 imposes penalties on any person who "promotes abusive tax shelters."
26 U.S.C. § 6700.

the IRS's use of his Rule 36 Admissions as a basis for calculating the administrative penalty and requesting that the IRS recalculate its proposed assessment without relying on the Rule 36 Admissions. *See generally* (ECF No. 98-1). On October 20, 2020, the IRS responded to Defendant, rejecting Defendant's arguments, and confirming the assessed penalties. *See generally* (ECF No. 98-2). The IRS further noted that Defendant could "submit a written rebuttal to the penalty report" by October 30, 2020. (ECF No. 98-2 at 15). On November 20, 2020, the instant Motion followed.

## II.   LEGAL STANDARDS

The Motion involves the interplay between Federal Rules of Civil Procedure 26(c) (governing protective orders) and 36 (regarding requests for admissions) on the one hand, and the Anti-Injunction Act of the Internal Revenue Code, 26 U.S.C. § 7421(a) on the other hand. Specifically, under Rule 26(c)(1), "any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). If the party seeking a protective order demonstrates "good cause," a court may issue a protective order providing a variety of remedies, such as precluding the discovery altogether or "specifying terms . . . for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). "Good cause" has been defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(a)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "An admission under [Rule

36] is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

Lastly, the Anti-Injunction Act of the Internal Revenue Code provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[2]  26 U.S.C § 7421(a).

### III.     DISCUSSION

Framing its Motion as a motion for protective order under Federal Rule of Civil Procedure 26(c) and pursuant to the Court's inherent powers, Defendant seeks to preclude the IRS from using Defendant's Rule 36 Admissions in this case as the factual basis for the assessment of tax penalties in the subsequent IRS examination under § 6700. *See generally* (ECF No. 98 at 1, 5-6).  To support his argument, Defendant points to the language in Federal Rule of Civil Procedure 36(b) that "[a]n admission under [Rule 36] is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).  Based on this language, Defendant asserts that he responded to 459 requests for admissions under Rule 36 only because he was "conscious that Rule 36(b) limits their use [to] this suit and prohibits them from being used in another other context—such as an IRS proceeding." (ECF No. 98 at 3).  Furthermore, although Defendant concedes that IRS examinations are not governed by the Federal Rules of Civil Procedure, *see* (*Id.* at 5), he insists that Rule 36 Admissions are a product of this civil action and their use remains restricted.  *Id.* at 5; *see also* (ECF No. 105 at 1) (Defendant's reply noting that enforcement of the Rule 36 limitation is "squarely within the Court's purview and jurisdiction in this case").

---

[2] The Anti-Injunction Act lists several statutory exceptions not relevant to the instant dispute. *See* 26 U.S.C. § 7421(a) (listing §§ 6015(e), 6212(a) and (c), 6213(a), 6232(c), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 as exceptions).

In opposition to the Motion, the United States argues that the Anti-Injunction Act of the Internal Revenue Code prohibits the Court from restraining the IRS's assessment of taxes and penalties in the separate administrative investigation. *See generally* (ECF No. 104 at 1). The United States also asserts that the Federal Rules of Civil Procedure are not applicable to the IRS's administrative investigation. *Id.* at 1-2. Further, according to the United States, at the time of the instant civil action, the IRS had not determined whether it would assess any § 6700 penalties against Defendant. *Id.* at 5. Thus, the amount of Defendant's liability for a penalty was never before this Court. *Id.* Lastly, the United States argues that the Court lacks subject matter jurisdiction because the Anti-Injunction Act prohibits the relief requested, so the Motion should be denied.[3] *Id.* at 7.

### A. The Anti-Injunction Act Generally

In relevant part, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5, 7 (1962); *Hempel v. United States*, 14 F.3d 572, 573 (11th Cir. 1994) (noting that the Anti-Injunction Act generally forbids courts from restraining the IRS in assessing or collecting a tax). In this manner, the United States is assured of prompt collection of its lawful revenue. *Enochs*, 370 U.S. at 7; *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (noting that the principal purpose of the Anti-Injunction

---

[3] The United States also asserts that the Motion is barred by sovereign immunity. *See* (ECF No. 104 at 7-9, 10). Because the Anti-Injunction Act is dispositive of the issue, the undersigned need not address the United States' arguments regarding lack of subject matter jurisdiction and sovereign immunity. Moreover, the undersigned rejects the United States' argument regarding the timeliness of the Motion. *See* (ECF No. 104 at 6 n.9).

Act is the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a subsequent taxpayer suit for refund) (citing *Enochs*, 370 U.S. at 7).  Only if it is apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may a taxpayer suit for an injunction be maintained. *Enochs*, 370 U.S. at 7.

Defendant asserts that the Anti-Injunction Act applies only to *suits* brought by the taxpayer rather than the instant Motion, which stems from an existing suit brought by the United States. (ECF No. 105 at 7).  Thus, Defendant argues that the Motion is not a "new matter." *Id.* at 4-5, 7. According to Defendant, because the Motion is not a new matter, the Anti-Injunction Act (and related challenges based on subject matter jurisdiction and sovereign immunity) is inapplicable. *See generally* (ECF No. 105).

Although neither party has provided case law directly on point, the relevant case law weighs in favor of the United States.  With respect to the Anti-Injunction Act, although Defendant argues that the text of § 7421(a) refers to "suits" and appears to exclude a Motion within the context of an already settled civil action initially brought by the United States, Defendant offers no legal support for that conclusion.  In the absence of case law supporting Defendant's interpretation, the Court concludes that, for the reasons discussed below, the relief requested in the Motion violates the policy behind the Anti-Injunction Act and should be denied.

**B.  The Anti-Injunction Act Precludes the Relief Requested In the Motion**

The IRS penalty examination is an entirely separate matter from the instant civil case, which was settled with a Final Permanent Injunction. (ECF Nos. 95, 97).  Nonetheless, Defendant seeks to preclude the IRS from using Defendant's Rule 36 Admissions in this action to support the

factual conclusions in the subsequent IRS § 6700 penalty examination.[4]  The purpose of the IRS's

§ 6700 examination is to assess and impose tax penalties against Defendant for his alleged tax

violations.  *See generally* (ECF No. 98-2); *see also* 26 U.S.C. § 6700 (imposing penalties on any

person who promotes abusive tax shelters).  Although the instant Motion is not a separate taxpayer

"suit," a protective order in this case would have the same effect as an injunction, both ultimately

precluding the IRS from using Defendant's Rule 36 Admissions in the § 6700 penalty examination.

By either method, the requested relief would preclude the IRS's assessment of penalties and violate

the Anti-Injunction Act.  *See, e.g., Bob Jones Univ.*, 416 U.S. at 731-32 (concluding that relief

was within the scope of the Anti-Injunction Act where injunction preventing the IRS from

withdrawing a tax exempt status letter would preclude collection of taxes).

Analogous case law supports this conclusion.  For example, in *Dickens v. United States*, a

taxpayer sued to enjoin the IRS from using information acquired by the FBI (as a result of a court-

ordered wiretap and search warrant) for tax assessment purposes.  *Dickens v. United States*,

671 F.2d 969, 970 (6th Cir. 1982).  In affirming the lower court's dismissal of the case, the Sixth

Circuit noted that the "purpose" of the suit fell within the congressional proscription of the Anti-

Injunction Act and no exception to the statute applied.  *Dickens*, 671 F.2d at 971.  The *Dickens*

court further noted that "the Anti-Injunction Act prohibits injunctions against IRS use of particular

types of evidence in assessing or collecting taxes and it is not limited to suits aimed at the specific

act of assessment or collection."  *Id.* at 971; *see also Koin v. Coyle*, 402 F.2d 468, 469 (7th Cir.

1968) (the Anti-Injunction Act bars a suit seeking to restrain the IRS from using evidence allegedly

seized illegal in making a tax assessment).  The *Dickens* court found that, as here, "[a] suit designed

---

[4] To be clear, Defendant seeks "an order preventing the Government and its client, the IRS, from using [Defendant's] Rule 36 Admissions to support factual conclusions in the IRS's Section 6700 Penalty examination."  (ECF No. 98 at 5); *see also* (ECF No. 105 at 10) ("Defendant respectfully requests . . . an order directing the Government that it may not use the Defendant's RFA Responses for any purpose other than as admissions in this proceeding.").

to prohibit the use of information to calculate an assessment is a suit 'for the purpose of restraining' an assessment under the statute." *Dickens*, 671 F.2d at 971.

Similarly, in *Lowrie v. United States,* the taxpayer sought the return of business records seized in a search and seizure and requested a permanent injunction barring use by defendants (who included the IRS) of the records. *Lowrie v. United States*, 824 F.2d 827, 828, 830 (10th Cir. 1987). The Tenth Circuit found that the clear purpose of the taxpayer's suit as to the IRS was not the mere return of records, but to prevent IRS action against the taxpayer. *Lowrie*, 824 F.2d at 831. On those facts, the court noted that the Anti-Injunction Act "applies not only to the actual assessment or collection of a tax, but is equally applicable to activities leading up to, and culminating in, such assessment and collection." *Lowrie*, 824 F.2d at 830 (citing *Dickens*, 671 F.2d at 971); *see also Gulden v. United States*, 287 F. App'x 813, 816 (11th Cir. 2008) (concluding that the Anti-Injunction Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities "which are intended to or may culminate in the assessment or collection of taxes.") (citation omitted).

Here—albeit through a motion for protective order in the instant civil case instead of a separate taxpayer lawsuit—Defendant effectively seeks the same result: Defendant wants the IRS to "redetermine its § 6700 penalty case . . . ." (ECF No. 98-1 at 2). Thus, the relief requested in the Motion seeks to preclude the IRS from using certain information to assess a tax penalty and is, therefore, impermissible under § 7421(a). *See, e.g., Dickens*, 671 F.2d at 972 (noting that although plaintiffs attempted to cloak the lawsuit as a mandamus action, it remained tantamount to an action for an injunction to restrain an assessment of taxes and therefore was barred by the Anti-Injunction Act) (citation omitted); *Gulden*, 287 F. App'x at 816 (noting that because the relief requested by

8

the taxpayer would have restrained the IRS from assessing or collecting unpaid taxes, the suit was barred by the Anti-Injunction Act). Thus, the Motion should be denied.[5]

### C. This Court Need Not Determine Whether the IRS's Use of Rule 36 Admissions Within the Tax Penalty Examination is Proper

Because the relief requested in the Motion is akin to an injunction precluded by the Anti-Injunction Act, the undersigned need not determine whether the use of Defendant's Rule 36 Admissions in the IRS § 6700 penalty examination is proper. Nevertheless, the Court briefly addresses the parties' arguments on this issue.

Notably, although the literal language of Rule 36(b) would seem to preclude the IRS's subsequent use of Defendant's Rule 36 Admissions in a § 6700 penalty examination, the parties agree that the Federal Rules of Civil Procedure simply do not apply to the IRS penalty investigation. *See, e.g.,* (ECF Nos. 98 at 5, 104 at 13-15); *see also Falsone v. United States*, 205 F. 2d 734, 742 (5th Cir. 1953)[6] (noting that "the system of rules of evidence, in force for trials by jury or even in courts of equity [are] not applicable . . . to inquiries of fact" by "administrative tribunals or officers" and, more specifically, to disputes arising between taxpayers and the IRS). Further, although the United States argues that the term "proceedings" in Rule 36(b) refers to court actions and not "predecisional actions of an administrative or executive agency," (ECF Nos. 104

---

[5] As noted above, the Anti-Injunction Act contains several exceptions. *See* Section II, *supra* note 2. A taxpayer can also avoid the Anti-Injunction Act under a judicially created exception if he can establish: (i) irreparable injury; and (ii) certainty of success on the merits. *See O'Brien v. Evans*, 560 F. Supp. 228, 230 (D. Or. 1983) (citing *Bob Jones Univ.*, 416 U.S. at 725); *Gulden*, 287 F. App'x at 816-17 (citation omitted). Here, the statutory exceptions are inapplicable. Moreover, Defendant does not argue that the limited judicial exception applies. Lastly, although Defendant argues that taxpayers can bring a counterclaim for injunctive relief against the IRS in civil suits, (ECF No. 105 at 7-8), the instant Motion is not a counterclaim. Rather, it boils down to a request for injunctive relief to preclude an IRS penalty assessment.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

at 13, 98-2 at 14), neither party provides case law defining the term "proceeding" within the context of Rule 36(b).

Further, Defendant's reliance on *Whitehurst v. Wal-Mart Stores East, L.P.* and *Seattle Times Co. v. Rhinehart* is unpersuasive.  (ECF Nos. 98 at 6, 7, 105 at 9, 10).  *Whitehurst* is distinguishable because the district court was enforcing a protective order already in place in an underlying civil action and merely clarified that plaintiff was prohibited from disseminating a video obtained during discovery to any third party at any time. *Whitehurst v. Wal-Mart Stores E., L.P.*, No. 3:06-CV-191-J-32MCR, 2007 WL 2993993, at *2 (M.D. Fla. Oct. 11, 2007).  *Seattle Times* is also distinguishable. *Seattle Times v. Rhinehart*, 467 U.S. 20, 35 (1984).  Although the case involved a protective order to limit the disclosure of information and the court's inherent authority to prevent the abuse of the court's processes, *Seattle Times* did not involve a statutory provision, as in this case, that clearly precludes the injunctive relief requested.

Lastly, the undersigned is unpersuaded by Defendant's conclusory argument that what matters is that "the party litigant obtained the information through discovery procedures that are the subject of the Federal Rules" so that this Court retains authority to enforce the limitations in those Rules.  (ECF No. 105 at 9).  This proposition ignores the Anti-Inunction Act, which applies to the relief sought in the Motion.  Rather, Defendant's argument may be more applicable to situations where Defendant's Rule 36 Admissions are sought to be used in a subsequent federal civil action—rather than a tax penalty investigation.

Based on the facts and procedural posture of this case, the undersigned recommends that the District Judge deny Defendant's Motion to preclude the IRS from using Defendant's Rule 36 Admissions in its § 6700 tax penalty investigation.  The undersigned notes, however, that Defendant is not without recourse.  Specifically, following the assessment and collection of taxes, Defendant may bring a refund suit in a federal district court or in the Court of Claims. *Bob Jones*

*Univ.*, 416 U.S. at 730; *Enochs*, 370 U.S. at 7 ("The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund); *O'Brien*, 560 F. Supp at 230 (dismissing case under the Anti-Injunction Act and noting that taxpayer can pay the penalty and then file a claim for refund of excess taxes paid); *Gulden*, 287 F. App'x at 816 ("An adequate remedy at law, for the purposes of challenging the IRS's collection of an alleged tax deficiency, includes a taxpayer's option of paying the disputed tax and then suing for a refund."); *see also South Carolina v. Regan*, 465 U.S. 367, 381 (1984) (noting that the Anti-Injunction Act was intended to apply only when Congress has provided an alternative avenue for an aggrieved party to litigate its claims on its own behalf).

## IV.     RECOMMENDATION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Protective Order and Other Appropriate Relief (ECF No. 98) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on April 2, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record

11