UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60704-BLOOM/VALLE

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

MICHAEL L. MEYER,

      Defendant.

_____/

**NOTICE OF SUPPLEMENTAL AUTHORITY RE**
**DEFENDANT'S OBJECTIONS TO REPORT**
**AND RECOMMENDATIONS OF MAGISTRATE JUDGE**

Defendant Michael Meyer files this brief Notice of Supplemental Authority re Defendant's Objections to Report and Recommendations of Magistrate Judge [DE 107]. Today, the United States Supreme Court issued its decision in *CIC Services, LLC v. Internal Revenue Service, et al.*, Case No. 19-930, 593 U.S. ___ (2021), which interpreted the scope of the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) at issue in Meyer's Motion. A copy of the Court's decision is attached in its entirety to this Notice, without annotation.

In *CIC Services, LLC*, a unanimous court held that the Tax Anti-Injunction Act does not bar a suit to enjoin enforcement of IRS Notice 2016-66, which requires certain tax professionals to report to the IRS information on listed transactions. If a professional fails to comply, he or she may ultimately be subject to a tax penalty (which counts as a "tax" for purposes of the Anti-Injunction Act) or a criminal charge. This decision walks back language in *Bob Jones Univ. v. Simon*, 416 U.S. 752 (1974) that suggested the applicability of the Tax Anti-Injunction Act depends upon a suit's "downstream effects." Now, the Court makes clear that the applicability of

the Tax Anti-Injunction Act depends upon a suit's *object*, rather than its effects. *CIC Services*, 593 U.S. at ___, 19-930 at 7 ("Contrary to some sweeping-language in *Americans United* and *Bob Jones*, the Anti-Injunction Act is best read as directing courts to look at the stated *object* of a suit rather than the suit's downstream effects.") (Kavanaugh, J., concurring), *accord* Case No. 19-930 at 2 ("In considering a 'suit['s] purpose," we inquire not into a taxpayer's subjective motive, but into the actions objective aim—essentially, the relief the suit requests.") (Kagan, J. for the Court).

To put *CIC Services* in context for this case, Defendant Meyer contends that the Anti-Injunction Act is simply inapplicable to his Motion because his Motion is not a suit, and the suit in which it is filed was brought by the Government for the purpose of enjoining *him*, not by Meyer to enjoin assessment or collection of a tax. The Government, however, contends that Meyer's Motion is tantamount to a new suit, brought for the purpose of restricting the IRS from using Meyer's Rule 36 Admissions to support factual determinations in an administrative procedure. If the Court agrees with Meyer on this point, its analysis ends as there is no "suit" for the Anti-Injunction Act to bar.

If, however, the Court agrees with the Government that Meyer's Motion is effectively a new suit, *CIC Services* instructs the Court to look to the *object* and relief requested in that suit, rather than its downstream effects. Here, the object of Meyer's Motion is not to enjoin assessment or collection of a tax, but to enforce Rule 36(b)'s use-limitations and vindicate the protections that the Rules of Civil Procedure afford litigants like Meyer.

//

//

//

//

2

Dated: May 17, 2021                         Respectfully Submitted,

                                          /s/ Derick Vollrath
                                          **Jeffrey A. Neiman**
                                          Fla. Bar No. 544469
                                          jneiman@mnrlawfirm.com
                                          **Derick Vollrath**
                                          Fla. Bar No. 126740
                                          dvollrath@mnrlawfirm.com


                                          **MARCUS NEIMAN & RASHBAUM LLP**
                                          100 Southeast Third Avenue, Suite 805
                                          Ft. Lauderdale, Florida 33394
                                          Telephone: (954) 462-1200

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a true and correct copy of the foregoing was served

via CM/ECF on all counsel or parties of record on the Service List.

                                    By:    /s/ Derick Vollrath
                                           Derick Vollrath

3