**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-60704-Bloom/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. MEYER,

    Defendant.

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF
SUPPLEMENTAL AUTHORITY RE DEFENDANT'S OBJECTIONS
TO REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

Meyer's Notice of Supplemental Authority (ECF No. 110) is just like his illegal charitable giving tax scheme—it lacks substance. The Supreme Court's recent decision in *CIC Services, LLC v. Internal Revenue Service, et al.*, Case No. 19-930, 593 U.S. \_\_\_ (2021), is not only distinguishable from this case, but confirms that the Anti-Injunction Act bars the relief Meyer seeks. This Court should adopt Judge Valle's Report and Recommendation because she correctly determined the substance of Meyer's claim—to preclude the IRS from using certain information to assess a penalty[1]—is impermissible under the Anti-Injunction Act. (Report and Recommendation to District Judge ("Report & Recommendation") at 10-11, ECF No. 106.)

For context, after the Court resolved this case by enjoining Meyer from organizing and selling the illegal charitable giving tax scheme that he promoted for nearly twenty years, the IRS concluded an administrative penalty investigation into Meyer's misconduct and proposed to

---

[1] Penalties are treated like taxes for purposes of the Anti-Injunction Act. *See* I.R.C. § 6671(a); *see, e.g., First Atlas Funding Corp. Through Kersting v. United States*, 23 Cl. Ct. 137, 140 (1991) (Anti–Injunction Act bars interference with the assessment of I.R.C. § 6700 penalties).

assess a $7 million 26 U.S.C. (I.R.C.) § 6700 penalty against Meyer. (Motion for Protective Order ("Motion") 3-4, ECF No. 98.) The IRS based its assessment on information the United States obtained in this case, including Meyer's responses to 465 requests for admission (the "RFA Admissions"). (*Id*.) Immediately before the IRS assessed $7 million of I.R.C. § 6700 penalties against Meyer, he filed the Motion and asked the Court to enter an order prohibiting the IRS from using his RFA admissions "for any other purpose" and "specifically" from using his RFA Admissions in the IRS's administrative I.R.C. § 6700 penalty investigation. (*Id*. at 5-7.)

The Anti-Injunction Act bars the relief Meyer sees. The Anti-Injunction Act states that "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. §7421(a). The Anti-Injunction Act "protects the [Federal] Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes." *National Federation of Independent Business v. Sebelius*, 567 U. S. 519, 543 (2012). Meyer cannot stop the assessment, but he can challenge it by paying the penalty and suing for a refund in federal district court. *Id*. This is precisely what Judge Valle determined. (Report & Recommendation at 10-11.)

The Supreme Court's *CIC Services* decision does not change the outcome here. In *CIC Services*, the taxpayer alleged that the IRS violated the Administrative Procedures Act when the IRS issued IRS Notice 2016-66 (the "Notice"). *CIC Services*, 593 U.S. at ___, 19-930 at 3. The Notice requires taxpayers and their advisors to report their involvement with an abusive tax avoidance transaction. *Id.* Taxpayers and advisors who do not comply with the Notice's reporting requirements are potentially subject to civil and criminal penalties. *Id*. at 3-4.

The taxpayer sought to enjoin the IRS from enforcing the Notice's reporting obligations. *Id*. at 8. The United States argued that this injunctive relief is akin to enjoining a penalty

2

assessment. *Id.* The Supreme Court disagreed and held that the Anti-Injunction Act did not bar the injunctive relief sought. *Id*. at 9.

In reaching its decision, the Supreme Court focused on the suit's object—i.e., the "substance of the suit" and "the relief requested." *CIC Services*, 593 U.S. at ___, 19-930 at 8. The Supreme Court determined that the taxpayer's suit was focused solely on the Notice's alleged procedural and substantive flaws. *Id*. at 9. The taxpayer never challenged the validity of the penalties that incentivize the compliance with the Notice's reporting requirements. *Id.* The suit was solely focused on the IRS's "information gathering" efforts, a phase of tax administration that precedes assessment and collection. *Id*. at 6.

Moreover, the Supreme Court identified three factors that support its holding. First, the taxpayer incurred costs—separate from the penalties—to comply with the Notice's reporting requirements. *Id*. at 10. Second, the Notice's reporting requirements are too attenuated from the downstream penalties that the IRS may assess against taxpayers and advisors who do not comply with the Notice. *Id*. at 10-11. Third, the potential for criminal penalties "clinches the case for treating a suit brought to set aside the Notice as different from one brought to restrain its back-up tax." *Id*. at 11.

In contrast, the object of Meyer's Motion is a "run-of-the-mine" suit that the Anti-Injunction expressly prohibits. *Id*. at 14. Meyer does not challenge a reporting obligation or any IRS "information gathering" activity. *Id*. at 6. Instead, Meyer filed his Motion to stop the IRS from *assessing* I.R.C. § 6700 penalties. (Motion 5-7.) Meyer wants this Court to tell the IRS what information it can and cannot consider when making an administrative penalty assessment. (*Id*.) It is the exact relief the Anti-Injunction prohibits, which the Supreme Court just reaffirmed.

*CIC Services*, 593 U.S. at \_\_\_, 19-930 at 15 (Suits that seek to prevent the levying of taxes cannot go forward.).

This Court should adopt Judge Valle's Report and Recommendation. Judge Valle correctly determined that the Anti-Injunction Act and the litany of Supreme Court cases interpreting the statute bar the relief Meyer seeks. The Supreme Court's *CIC Services* opinion forecloses any argument to the contrary.

Dated May 19, 2021                                         Respectfully submitted,

                                                           JUAN A. GONZALEZ
                                                           Acting United States Attorney

                                                           DAVID A. HUBBERT
                                                           Acting Assistant Attorney General

                                                           */s/ James F. Bresnahan II*
                                                           JAMES F. BRESNAHAN II
                                                           Florida Special Bar #: A5502407
                                                           HARRIS J. PHILLIPS
                                                           Florida Special Bar #: A5501528
                                                           Trial Attorneys, Tax Division
                                                           U.S. Department of Justice
                                                           P.O. Box 7238
                                                           Washington, D.C. 20044
                                                           Telephone: 202-616-9067 (Bresnahan)
                                                           Telephone: 202-616-1906 (Phillips)
                                                           Fax: 202-514-6770
                                                           James.F.Bresnahan@usdoj.gov
                                                           Harris.J.Phillips@usdoj.gov

                                                           *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing document and all attachments thereto were served electronically using the CM/ECF system on May 19, 2021, on all counsel of record on the Service List below.

*/s/ James F. Bresnahan II*
JAMES F. BRESNAHAN II
Trial Attorney
United States Department of Justice, Tax Division

## SERVICE LIST

Jeffrey A. Neiman
jneiman@mnrlawfirm.com
Derick Vollrath
dvollrath@mnrlawfirm.com
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, FL 33394
Telephone (954) 462-1200

*Attorneys for Michael L. Meyer*