UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60704-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. MEYER,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Honorable Alicia O. Valle's Report and Recommendation, ECF No. [106] ("Report"). On April 2, 2021, Judge Valle issued her Report, recommending that the Court deny Defendant Michael L. Meyer's ("Defendant") Motion for Protective Order and Other Appropriate Relief, ECF No. [98] ("Motion for Protective Order"). ECF No. [106] at 11. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

Defendant timely filed Objections to the Report, ECF No. [107] ("Objections"), and Plaintiff United States of America ("Government") filed a Response in Opposition to Defendant's Objections, ECF No. [108] ("Response").[1] Thereafter, Defendant filed a Notice of Supplemental Authority Re Defendant's Objections, ECF No. [110] ("Notice"), and the Government filed a Response to Defendant's Notice, ECF No. [111]. The Court has conducted a *de novo* review of the record, including the portions of the Report to which Defendant has objected, in accordance

---

[1] Defendant also filed a Reply in support of his Objections, ECF No. [109] ("Reply"). However, replies are not permitted under S.D. Fla. Mag. R. 4(b). As such, Defendant's Reply is stricken and not considered for purposes of this Order.

with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

I. **BACKGROUND**

The Court assumes the reader's familiarity with the facts underlying this Motion and does not repeat them. Additionally, the Court adopts Judge Valle's description of the background of this case, ECF No. [106] at 1-3, and incorporates them by reference herein.

II. **LEGAL STANDARDS**

A. **District Court Review of a Report and Recommendation**

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress's intent was to require *de novo* review only when objections were properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted) (citation omitted)); *see also Russell v. United States*, No. 11-20557-CIV, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket

objections not specifically identifying aspects of the magistrate judge's report to which the petitioner objected).

### B. Interplay Between the Federal Rules and the Anti-Injunction Act

As stated in the Report, the Motion involves the interplay between Rules 26 and 36 of the Federal Rules of Civil Procedure and the Anti-Injunction Act of the Internal Revenue Code, 26 U.S.C. § 7421(a).

Pursuant to Rule 26, "any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Upon a showing of "good cause," a court may issue a protective order providing a variety of remedies, such a precluding discovery altogether or "specifying terms . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). The Eleventh Circuit Court of Appeals has defined "good cause" as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

Additionally, Rule 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). The Rule further states that "an admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The object of [§] 7421(a) is to withdraw jurisdiction from the state and federal courts

to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962); *see also Gulden v. United States*, 287 F. App'x 813, 818 (11th Cir. 2008) (suit was properly dismissed "for lack of subject matter jurisdiction because it was barred by application of the Anti-Injunction Act, 26 U.S.C. § 7421(a).").

### III. DISCUSSION

Upon review, the Court finds Judge Valle's Report to be well reasoned and correct, and the Court agrees with the analysis in the Report. Defendant maintains that Judge Valle erred in recommending that his Motion be denied, concluding that the Anti-Injunction Act bars his Motion, and suggesting that the IRS's use of Rule 36 Admissions within a tax penalty examination is proper. ECF No. [107] at 3. However, Defendant's Objections are improper because they largely expand upon and reframe the arguments already made and considered by Judge Valle, or simply disagree with the Report's conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendation]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Nonetheless, the Court has conducted a *de novo* review of the record and agrees with Judge Valle's application of the Anti-Injunction Act and its preclusive effect on the instant Motion. As Judge Valle correctly determined, while Defendant has not filed a separate taxpayer "suit," granting the instant Motion will preclude the IRS from using Defendant's Rule 36 Admissions in the § 6700 penalty examination. ECF No. [106] at 88; *see also* ECF Nos. [98] at 5 and [105] at 10.

4

Stated differently, the relief requested will directly affect the IRS's assessment of penalties and violate the very purpose of the Anti-Injunction Act. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) ("The Court has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.") (internal quotation marks omitted) (collecting cases); *see also Gulden*, 287 F. App'x at 817 ("Because the relief [plaintiff] requested would have restrained the IRS from eventually assessing or collecting his unpaid tax liability, his suit was barred by the Anti-Injunction Act."); *Lowrie v. United States*, 824 F.2d 827, 830 (10th Cir. 1987) ("The [Anti-Injunction Act] applies not only to the actual assessment or collection of a tax, but is equally applicable to activities leading up to, and culminating in, such assessment and collection." (citing *Dickens v. United States*, 671 F.2d 969 (6th Cir. 1982))). As such, Defendant may not circumvent the Anti-Injunction Act's jurisdictional bar by styling his request as a motion for protective order in a closed case where his § 6700 penalty liability was never at issue. *See* ECF Nos. [29], [32], and [97].

Contrary to Defendant's assertion, the Supreme Court's recent decision in *CIC Servs., LLC v. Internal Revenue Serv.*, 141 S. Ct. 1582 (2021) does not change the Court's analysis. In *CIC Servs.*, material advisors to taxpayers brought a pre-enforcement action against the IRS, seeking to enjoin enforcement of IRS Notice 2016-66 ("Notice"), as violative of the Administrative Procedures Act ("APA"). Specifically, the Notice requires taxpayers and material advisors to report information about certain insurance agreements, and subjects these individuals to both civil tax penalties and criminal prosecution for failure to comply. *Id.* at 1587-88.

The issue before the Court was "whether the Anti-Injunction Act bars CIC's suit complaining that Notice 2016-66's reporting requirements violate the APA." *Id.* at 1588. In answering this question in the negative, the Court considered the "action's objective aim" and found three aspects of the regulatory scheme that weighed against finding that the Anti-Injunction Act operates as a jurisdictional bar: (1) "the Notice imposes affirmative reporting obligations, including costs separate and apart from the statutory tax penalty[;]" (2) "the Notice's reporting rule and the statutory tax penalty are several steps removed from each other[;]" and (3) "violation of the Notice is punishable not only by a tax, but by separate criminal penalties." *Id.* at 1590-92. Notably, the Court further explained that:

> [T]his suit falls outside the Anti-Injunction Act because the injunction it requests does not run against a tax at all. . . . The suit contests, and seeks relief from, a separate legal mandate; the tax appears on the scene—as criminal penalties do too—only to sanction that mandate's violation. Or as Judge Nalbandian put the point below: "[T]his is not a dispute over taxes." 925 F.3d at 259[.]

*Id.* at 1593 (first alteration added) (citations omitted).

In the present case, the relief Defendant seeks falls squarely within the contours of the Anti-Injunction Act—namely, to limit the information the IRS may consider in its assessment of $7,066,039.00 in tax penalties under § 6700. *See* ECF No. [98] at 5 (requesting that the Court "issue an order preventing the Government and its client, the IRS, from using [Defendant's] Rule 36 Admissions to support factual conclusions in the IRS's Section 6700 Penalty examination."); ECF No. [105] at 10 ("request[ing] that this Court enter an order directing the Government that it may not use the Defendant's RFA Responses for any purpose other than as admissions in *this proceeding*.") (emphasis in original); *see also CIC Serv.*, 141 S. Ct. at 1593 ("suits sought to prevent the levying of taxes . . . [cannot] go forward."). Thus, the Court agrees with Judge Valle's conclusion that Defendant's Motion is barred under the Anti-Injunction Act.

The Court further highlights that Defendant is not without recourse. Indeed, as Judge Valle correctly noted, Defendant may bring a refund suit in a district court or in the Court or Claims following the assessment and collection of taxes. ECF No. [106] at 10-11 (collecting cases); *see also CIC Serv.*, 141 S. Ct. at 1593 ("If the dispute is about a tax rule . . . the sole recourse is to pay the tax and seek a refund.").[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [106]**, is **ADOPTED**.

2. Defendant's Objections, **ECF No. [107]**, are **OVERRULED**.

3. Defendant's Motion, **ECF No. [98]**, is **DENIED**.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] As Judge Valle correctly determined, because Defendant's requested relief is akin to an injunction precluded by the Anti-Injunction Act and therefore barred, the Court need not reach Defendant's additional argument of whether the use of Defendant's Rule 36 Admissions in the IRS's § 6700 penalty examination is proper.