-UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60704-Bloom/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. MEYER,

    Defendant.
_____/

## UNITED STATES' SUPPLEMNTAL RESPONSE IN OPPOSITION TO DEFENDANT MEYER'S MOTION FOR PROTECTIVE ORDER AND OTHER APPROPRIATE RELIEF

On April 26, 2019, the Court resolved the above-captioned action when it entered a stipulated permanent injunction against defendant Michael L. Meyer ("Meyer") that prohibits Meyer from organizing and selling the illegal charitable giving tax scheme that he promoted for nearly twenty years. (Stipulation for Entry of Final J. of Perm. Injunction Against Def. Michael Meyer, Doc. 95-1 & Final J. of Permanent Inj. Against Def. Michael Meyer ("Final Judgment"), Doc. 97.) The Court retained jurisdiction in this case *solely for purposes of implementing and enforcing the injunction it entered against Meyer*. (Final Judgment ¶ 18, Doc. 97.)

After the Court entered final judgment in this case, the Internal Revenue Service ("IRS") investigated Meyer for potential liability under I.R.C. § 6700, determined that Meyer had engaged in § 6700 penalty conduct, and proposed a $7 million penalty assessment. (Order Adopting Magistrate Judge's Report & Recommendation ("Order") at 7, Doc. 112.) Unpleased by that result, and nearly 18 months after litigation in this case ended, Meyer filed his Motion for Protective Order and Other Appropriate Relief ("Motion," Doc. 98), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule"), seeking an order that would enjoin the IRS from

using his responses to Rule 36 requests for admission ("RFA Admissions") in its § 6700 penalty investigation and for "any other purpose." (Motion at 5-7, Doc. 98.) As this Court noted, Meyer filed his Motion not as part of an active dispute, but "*in a closed case where his § 6700 penalty liability was never at issue.*" (Order at 5, Doc. 112 (emphasis added).)

On June 14, 2021, this Court denied Meyer's Motion and held that the Tax Anti-Injunction Act (I.R.C. § 7421(a)) barred the relief that Meyer seeks. (Order at 6, Doc. 112.) Specifically, the Court found that, despite styling his request as a motion, the injunctive relief the Meyer seeks would "directly affect the IRS's assessment of penalties and violate the very purpose of the Anti-Injunction Act." (Order at 5, Doc. 112.)

Meyer appealed and the Eleventh Circuit reversed this Court's decision because Meyer's motion was not a "suit," and, therefore, the Anti-Injunction Act did not apply. *See United States v. Meyer*, 50 F.4th 23, 28 (11th Cir. 2022). However, the Eleventh Circuit remanded this case to determine whether, under *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258 (11th Cir. 2021), this Court has jurisdiction to entertain Meyer's Motion in this closed injunction case. *Meyer*, 50 F.4th at 31. For the following reasons, this Court lacks subject matter jurisdiction over Meyer's motion.

First, this Court cannot properly enter a new protective order in a closed case after final judgment has been entered. In *Absolute Activist*, the Eleventh Circuit held that a district court lacks subject matter jurisdiction to *modify* an existing protective order after a Rule 41(a) voluntary dismissal. 998 F.3d at 1266, 1269. It follows, therefore, that the Court lacks subject matter jurisdiction to enter a *new* protective order after final judgment has been entered. *See and compare Absolute Activist*, 998 F.3d at 1269 ("[T]he law provides that a district court has jurisdiction to consider only a small set of 'collateral issues' following a plaintiff's voluntary

dismissal of its case. Those issues are, by this Court's read, narrowly tailored to prevent 'abuses of the judicial system' that would otherwise 'burden[ ] courts and individuals alike with needless expense and delay.' *** Motions to modify protective orders do not serve those same ends, and thus we decline to expand the set of 'collateral issues' to cover them.") (internal citation and footnote omitted).

Second, while a matter of first impression in the Eleventh Circuit, other circuits (identified below) have addressed this exact issue and concluded that a district court lacks subject matter jurisdiction to enter a new protective order after final judgment has been entered.

Third, the authorities that Meyer relies upon in his Motion are easily distinguishable and, in any event, lack precedential value following the Eleventh Circuit's *Absolute Activist* opinion.

## I.    Background

The government incorporates by reference the background information set forth in its Opposition to Meyer's Motion for Protective Order ("Opposition" at 2-7, Doc. 104) because of the Court's stated familiarity with this case (see Order, Doc. 118) and the Court's order to address one issue in this supplemental brief: whether under *Absolute Activist*, this Court has jurisdiction to entertain Meyer's Motion (Order, Doc. 120). For the reasons set forth above and more fully explained below, the Court lacks subject matter jurisdiction over Meyer's Motion and should deny it.

## II. Binding Eleventh Circuit Deprives the Court of Jurisdiction Over Meyer's Motion

The Court lacks subject matter jurisdiction to issue the protective order and grant the other unspecified relief Meyer seeks because a district court cannot enter to new discovery orders after it has entered final judgment. To explain, Meyer seeks a protective order under Rule 26(c) that would enjoin the IRS from using his RFA Admissions in its administrative § 6700 penalty

investigation and for any other purpose. (Motion at 5-7, Doc. 98.) However, a district court lacks subject matter jurisdiction to issue a *new* protective order over pretrial discovery matters after entering final judgment. As Rule 26(c)(1) states: a "party or any person from whom discovery is sought may move for a protective order in the court where the action *is pending*." *Id*. (emphasis added). The Eleventh Circuit confirmed this straightforward interpretation of Rule 26 in *Absolute Activist*.

In *Absolute Activist*, after the district court entered a stipulated protective order regarding confidential financial information exchanged in discovery, the plaintiffs voluntarily dismissed the action under Rule 41(a). *Id*. at 1263. Subsequently, the defendant moved to modify the stipulated protective order, which the district court denied. *Id*. The defendant appealed that decision to the Eleventh Circuit. *Id*. at 1264.

The Eleventh Circuit vacated the district court's order because the district court lacked subject matter jurisdiction to hear the defendant's motion after the case was voluntarily dismissed. *Absolute Activist*, 998 F.3d at 1269. The Eleventh Circuit explained that a Rule 41(a) voluntary dismissal disposes of the entire action and deprives a district court of jurisdiction over the case, except for the following five collateral issues: (1) the imposition of costs, (2) the imposition of attorney's fees, (3) the imposition of contempt sanctions, (4) the imposition of Rule 11 sanctions, and (5) a pre-dismissal motion to confirm an arbitral award *Absolute Activist*, 998 F.3d at 1265-66 (internal citations omitted).

District courts have jurisdiction over the collateral issues listed above because they "implicate the power to enforce compliance with the rules and standards that keep the judiciary running smoothly." *Absolute Activist*, 998 F.3d at 1266. Without these safeguards "an

4

enterprising plaintiff could abuse the judicial system but nevertheless get off scot-free by voluntarily dismissing its case." *Id.*

Under the binding precedent in *Absolute Activist*, this Court lacks jurisdiction over Meyer's Motion for three reasons. First, the Court lost jurisdiction to enter a new protective order under Rule 26(c) after it entered the stipulated final judgment. Second, a motion for a new protective order is not a collateral issue over which a district courts retains jurisdiction after entering final judgment. Third, Meyer's Motion does not seek to mitigate any abuse of the *judicial system*, the very reason the collateral issue exception exists.

Pursuant to Rule 26(c), Meyer seeks a new protective order in this closed case: to prohibit the IRS from using his pretrial RFA Admissions "for any [] purpose,"[1] including in its § 6700

---

[1] Meyer seeks unspecified other and appropriate relief. However, the United States, as sovereign, cannot be sued unless it consents to be sued, and the terms of that consent define the court's jurisdiction. *United States v. Testan*, 424 U.S. 392, 399 (1976). A waiver of the United States' sovereign immunity is to be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Moreover, the United States' sovereign immunity extends with equal force to federal agencies like the IRS. *Tinnerman v. United States*, 2022 WL 3654844 at *4 (11th Cir. 2022) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'") (quoting *JBP Acquisitions, LP v. U.S. ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000). Therefore, to the extent the United States has not waived its sovereign immunity for the unspecified other and appropriate relief that Meyer seeks, the Court lacks subject matter jurisdiction over such claims. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit [because] [s]overeign immunity is jurisdictional in nature.") (internal citations omitted).

At bottom, Meyer's Motion is a poorly disguised new suit. (Order at 5, Doc. 112.) He seeks to bring a whole new matter against the IRS and its § 6700 penalty investigation before the Court. The United States has *not* waived its sovereign immunity for Meyer to obtain the post-judgment protective order he seeks in this suit. *Cf. United States v. $4,480,466.16 in Funds Seized*, 942 F.3d 655, 663 (5th Cir. 2019) (doctrine of sovereign immunity barred counterclaims); *United States v. Forma*, 42 F.3d 759, 764 (2d Cir. 1994) (suit to reduce tax assessments to judgment, and taxpayers counterclaimed to recover funds collected against their liabilities; "the United

(continued...)

penalty investigation. (Motion at 5-7, Doc. 98.) Putting aside the fact that the IRS § 6700 penalty investigation was not at issue in this litigation, and the IRS's subsequent use of Meyer's RFA Admissions was perfectly legitimate,[2] the United States' claim for an injunction was reduced to a judgment when the Court entered a stipulated final judgment against Meyer. (*See* Final Judgment, Doc. 97 ("The Clerk of Court is DIRECTED TO ENTER FINAL JUDGMENT in favor of the United States and against Michael Meyer and further DIRECTED to CLOSE this case. All remaining claims set forth in the First Amended Complaint are DISMISSED. To the extent not otherwise disposed of, any scheduled hearings are CANCELED, all pending motions are DENIED as moot, and all deadlines are TERMINATED.") (emphasis original).) As a result, and like *Absolute Activist* district court following the plaintiff's Rule 41(a) voluntary dismissal, this Court lacks subject matter jurisdiction to consider a new protective order under Rule 26(c) since the Court has entered final judgment. *See* Fed. R. P. Civ. 26(c); *see*, *e.g.*, *Druhan v. Am.*

---

States, by filing [an] original complaint . . . [does] not thereby consent to be sued on a counterclaim based upon a cause of action as to which it had not otherwise given its consent to be sued.") (citations and internal quotation omitted); *United States v. Kaplowitz*, 201 Fed. Appx. 659, 662-63 (11th Cir. 2006) (affirming dismissal of counterclaims for lack of subject matter jurisdiction since the United States had not waived its sovereign immunity).

[2] The gravamen of Meyer's Motion is that the IRS violated Rule 36(b) by using his RFA Admissions during its penalty investigation. It did not. Rule 36(b) prevents litigants from using RFA Admissions in other *proceedings*. However, an IRS penalty investigation is not a *proceeding* within the meaning of Rule 36(b) because it is not litigation, but rather an administrative matter that is not governed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence. (*See* U.S. Resp. in Opp'n to Def.'s Objection to Report & Rec. at 15-18, Doc. 108.) Moreover, as this Court noted, Meyer is not without recourse because he can file a refund suit in district court, which is a proceeding in which his RFA Admissions cannot be used against him. (Order at 7, Doc. 112.)

*Mut. Life*, 166 F.3d 1324, 1326 (11th Cir. 1999) (no case or controversy remains after a district court enters a requested final judgment).[3]

Second, the Eleventh Circuit has identified five discreet collateral issues (listed above) over which a district court retains jurisdiction after entering final judgment, but this is not one of them. *Absolute Activist*, 998 F.3d at 1265-66 (internal citations omitted). Following the Eleventh Circuit's logic, if *modifying* an existing protective order is not a collateral issue over which a district court retains jurisdiction, *id*. at 1269, then considering a *new* protective order cannot be. Therefore, this Court lacks subject matter jurisdiction over Meyer's Motion because considering a new protective order is not a collateral issue over which a district court retains jurisdiction after entering final judgment. *See Absolute Activist*, 998 F.3d at 1269.

Third, Meyer's Motion does not implicate the reason that the collateral issue exception exists—i.e., to prevent litigants from abusing the judicial system. *Absolute Activist*, 998 F.3d at 1266-67. Instead, Meyer complains that the IRS should not be able to use lawfully obtained information to support its § 6700 penalty investigation, an administrative investigation that is neither a "judicial proceeding" nor "preliminarily to or in connection with a judicial proceeding." *See United States v. Baggot*, 463 U.S. 476, 481 (1983). To repeat, the IRS's legitimate use of information during its § 6700 penalty investigation does not fall within the ambit of the type of

---

[3] In its final judgment, the Court retained jurisdiction only for the purposes of implementing and enforcing the final judgment and permanent injunction. (Final Judgment ¶ 18, Doc. 97.) This term merely restates the Court's existing post-judgment jurisdiction "that enables [it] to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (internal citation omitted). In contrast, Meyer seeks, post-judgment, to impose new, affirmative requirements on the United States under Rule 26(c) relating to pre-judgment discovery matters. As explained herein, the Court lacks subject matter jurisdiction to entertain this motion.

7

collateral issues over which the Court retains jurisdiction after entering final judgement. *Absolute Activist*, 998 F.3d at 1266-67. Therefore, consistent with the Eleventh Circuit's decision in *Absolute Activist*, the Court should deny Meyer's Motion for lack of subject matter jurisdiction.

### III.     Other Circuits Have Unanimously Denied the Relief Meyer Seeks.

While a matter of first impression within the Eleventh Circuit, every circuit court to address the issue has concluded that a district court lacks subject matter jurisdiction to consider a protective order under Rule 26(c) after final judgement is entered.

In *Pub. Citizen v. Liggett Grp., Inc.*, after final judgment was entered, the district court denied an intervenor's motion to impose new affirmative requirements on a party with respect to documents obtained in discovery. 858 F.2d 775, 781 (1st Cir. 1988). The First Circuit affirmed because, with no substantive issues to resolve after final judgment was entered, "the [district] court simply lacked power to impose any new, affirmative requirements on the parties relating to discovery." *Pub. Citizen*, 858 F.2d at 781 (internal citations omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1133 (9th Cir. 2003); *accord United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990).

Moreover, the protective order that Meyer seeks would unjustifiably hamper government's law enforcement function. As we stated previously, through written discovery generally and requests for admission in particular, the United States confirmed that participants in Meyer's scheme were not entitled to the tax benefits they claimed. (Opposition at 13 n. 13, Doc. 104 (noting that Meyer's RFA Admissions confirmed instances of illegal backdating and other improprieties).) IRS cannot be estopped from using that information to enforce our federal tax laws, whether that be in a § 6700 penalty investigation or to collect the taxes that participants in Meyer's scheme should have paid. *See, e.g., United States v. Elsass*, 2011 WL 335957, *5

(S.D. Ohio 2011) (rejecting a restriction that would have prevented counsel from sharing information with the IRS except for use in that case and finding that the requested order would unjustifiably restrict the ability of the government to enforce laws). The Court cannot properly impose this new and objectionable discovery limitation on the government when the Court did not retain such authority in its final judgment.[4] *See Pub. Citizen*, 858 F.2d at 781.

### IV. Meyer Cites No Applicable Authority in Support of His Motion

The cases Meyer relies upon are easily distinguishable because they do not address the issue at hand: whether this Court has subject matter jurisdiction to enter order under Rule 26(c) after final judgment is entered.

First, Meyer's reliance on *Whitehurst v. Wal-Mart Stores East, L.P.*, 2007 WL 2993993 (M.D. Fla. 2007) and *Nevil v. Ford Motor Co.*, 1999 WL 1338625 (S.D. Ga. 1999) is at best misplaced. (Motion at 6-7, Doc. 98.) Both cases stand for the proposition that a district court can hold a party in civil contempt and sanction that party for violating a protective order. This is certainly true, but also irrelevant because the Court had not entered a pretrial protective order in

---

[4] It is undisputed that, in general, a district court has limited power to alter an entered judgment. For example, under Rule 59, a district court may amend a judgment where a party files a motion no later than 28 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). Meyer does not cite Rule 59 in his Motion, but in any event the Motion is untimely because Meyer filed it more than 18 months after the Court entered final judgment.

Similarly, under Rule 60, a district court can correct clerical mistakes or, in limited circumstances and based on a sufficient showing, may relieve a party relief from the judgment. Meyer does not expressly request any modification to or relief from the stipulated judgment, but he is not entitled to such relief. First, to obtain relief under Rule 60(b), Meyer must show mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b)(1)-(3). Meyer cannot satisfy this burden because he admits that he anticipated that the IRS would conduct an I.R.C. § 6700 penalty investigation. (Motion at 3, Doc. 98). Second a Rule 60(b) motion must be filed "no more than a year after entry of the judgment." *See* Fed. R. Civ. P. 60(c). Meyer's Motion is untimely because he filed it more than 18 months after the Court entered final judgment in this case.

this closed case. Moreover, neither cited case addresses whether the Court has subject matter jurisdiction to enter a protective order under Rule 26(c) after final judgment is entered. But even if they did, their holdings are entitled to no weight following the Eleventh Circuit's decision in *Absolute Activist*.

Meyer also relies on *Seattle Times Co. v Reinhart*, 467 U.S. 20 (1984), for the proposition that courts have inherent authority enter orders to prevent abuse of the liberal pretrial discovery afforded to litigants in federal district court. (Motion at 6, Doc. 98.) Again, this principle cannot be disputed, but it does not apply here. In *Seattle Times*, Reinhart, a spiritual leader, made a sufficient showing that materials he and other plaintiffs produced in discovery would likely lead to physical harm and harassment for him and his followers. *Seattle Times Co.*, 467 U.S. at 26-27. The Supreme Court held that a pre-trial discovery protective order—applying only to the material Reinhart and the other plaintiffs produced— was permissible under these circumstances. *Id*. at 37. However, this opinion does not support the relief Meyer seeks because there is nothing abusive about the IRS using lawfully obtained information in its § 6700 penalty investigation, and this opinion certainly does not address whether the Court has judication to entertain Meyer's motion for a protective order after entering final judgment.

Therefore, the Court should follow the Eleventh Circuit's reasoning in *Absolute Activist* and the First Circuit's analysis in *Public Citizen* and dismiss Meyer's Motion for lack of subject matter jurisdiction.

### V. Conclusion

For the foregoing reasons, Meyer's Motion should be denied.

Dated December 23, 2022

Respectfully submitted,

JUAN ANTONIO GONZALEZ
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ James F. Bresnahan II*
JAMES F. BRESNAHAN II
Florida Special Bar #: A5502407
HARRIS J. PHILLIPS
Florida Special Bar #: A5501528
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-616-9067 (Bresnahan)
Telephone: 202-616-1906 (Phillips)
Fax: 202-514-6770
James.F.Bresnahan@usdoj.gov
Harris.J.Phillips@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing document and all attachments thereto were served electronically using the CM/ECF system on December 23, 2023, on all counsel of record on the Service List below.

/s/ *James F. Bresnahan II*
JAMES F. BRESNAHAN II
Trial Attorney
United States Department of Justice, Tax Division

## SERVICE LIST

Jeffrey A. Neiman
jneiman@mnrlawfirm.com
Derick Vollrath
dvollrath@mnrlawfirm.com
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, FL 33394
Telephone (954) 462-1200

*Attorneys for Michael L. Meyer*