UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60704-BLOOM/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL L. MEYER,

    Defendant.
_____/

## SUPPLEMENTAL MEMORANDUM

Defendant Michael Meyer files this Supplemental Memorandum pursuant to this Court's Order on Motion for Supplemental Briefing [DE 120]. In this Order, the Court authorized Plaintiff United States to "file a supplemental brief discussing whether, under *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021), this Court has jurisdiction to entertain Defendant Meyer's Motion for Protective Order [*sic*]."

The Government has already filed a supplement brief addressing this issue. In it, the Government argues that "binding Eleventh Circuit [caselaw] deprives the Court of jurisdiction over Meyer's Motion" [DE 121 at 3] and that "other circuits have unanimously denied the relief Meyer seeks" [*id.* at 9.] Additionally, the Government argues that it has not violated Rule 36(b), because its § 6700 penalty determination process is not a "proceeding" to which Rule 36(b)'s use limitation applies.

1

After some brief background, this Memorandum will address each of these arguments in turn. Contrary to the Government's position, this Court should exercise jurisdiction over and grant Meyer's Motion.

## I. Background

The Court has professed familiarity with this case and the issues raised in Meyer's Motion. Therefore, rather rehash this background here, Meyer will refer the Court to the background section of his initial motion [DE 98] for a detailed summary of this case and the Motion's posture.

That said, Meyer must emphasize the following points, which are important to the Court's decision:

- Through this case, the IRS obtained Admissions under Fed. R. Civ. P. 36. The Federal Rules impose a corresponding limitation on the use to which parties can put such admissions. Pursuant to Rule 36(b), "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." This limitation applies from the outset to each and every Rule 36 Admissions Request.

- Rule 36(b)'s use limitation is important to the efficient functioning of the judicial system. It encourages the parties to stipulate to matters for the purpose of the existing litigation, without concern for any affect those admissions later might have in a different context.

- The Government did not abide by Rule 36(b). Instead, the Government has used Meyer's Admissions for another purpose and in another proceeding—to support a $7+ million penalty assessment against Meyer under 26 U.S.C. § 6700.

- Meyer promptly moved for relief after discovering the Government's abuse of his Rule 36 Admissions. However, he did so after this case had been closed as a result of a stipulated final judgment of permanent injunction. Through this stipulated final judgment, the case was closed, but the Court retained jurisdiction to enforce the injunction and permit post-judgment discovery.

- Meyer's Motion is for more than merely a protective order under Rule 26(c). Meyer styled his motion as a "Motion for Protective Order or other Appropriate Relief," and the body of the Motion explicitly invokes this Court's inherent authority to enforce the civil rules, police abuse of process, and issue sanctions.

In light of these circumstances and the analysis below, the Court must exercise jurisdiction over Meyer's Motion and grant Meyer the relief that he seeks.

## II.     Analysis

This section will proceed in three parts. First, this section will address *Absolute Activist*, consistent with the Eleventh Circuit's and this Court's instructions. Second, this section will address the Government's argument concerning caselaw from outside of the Eleventh Circuit. And, third, this section will briefly confront the Government's argument—referenced throughout its Supplemental Brief—that it has not violated Rule 36(b) at all, because Rule 36(b) does not apply to IRS proceedings.

### A.     *Absolute Activist* supports the Court's exercise of jurisdiction over Meyer's Motion.

Contrary to the Government's position, the Eleventh Circuit's decision in *Absolute Activist* supports, rather than forecloses, the Court's exercise of jurisdiction over Meyer's Motion. Simply put, Meyer's Motion presents the kind of "collateral issue" over which a district court retains jurisdiction following resolution and closure of the underlying case. *See Absolute Activist*, 998 F.3d at 1265–66 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Given its importance to the Eleventh Circuit's remand and this Court's supplemental briefing order, this memorandum will discuss the *Absolute Activist* decision in some depth.

*Absolute Activist* concerned district court litigation between several hedge funds ("Plaintiff Funds") and the wife of the funds' Chief Investment Officer ("Defendant Wife"), in which the Plaintiff Funds alleged the Defendant Wife participated in a pervasive fraud. *Id.* at 1260–61. During the course of the litigation, the parties entered into a protective order ("the Protective Order") governing the exchange of certain discovery information. The Protective Order required the information to be kept confidential and to be returned to the producing party upon the conclusion of the litigation. Specifically, *Absolute Activist* describes the Protective Order thus:

> The proposed order provided that, "[a]t the conclusion of this litigation (including any appeals) all material designated Confidential pursuant to the terms of this Protective Order shall either be destroyed or returned to the designating Party, within sixty (60) days after the conclusion of the litigation." The proposed order also permitted the parties to disclose confidential documents pursuant to a request for information from federal, state, or international criminal authorities. The District Court adopted the parties' proposed protective order on July 30, 2015.

*Id.* at 1263. The Protective Order accordingly heavily restricted the use to which the Parties could put the confidential discovery documents obtained during that litigation. Following the litigation's conclusion, the party could only return or destroy the covered documents and could not use them in any other manner. Ultimately, the Plaintiff Funds voluntarily dismissed their suit under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Then, after the case was dismissed but before the Protective Order required her to destroy the documents, Defendant Wife became aware that she was the subject of a Swiss criminal proceeding. *Id.* She accordingly moved in the United States District Court to modify the Protective Order to permit her to use the confidential discovery documents that she had received from the Plaintiff Funds as part of her defense in Switzerland. The district court exercised jurisdiction over the Wife's motion, but denied the modification of the Protective Order. *Id.* On appeal, the Eleventh Circuit vacated the District Court's order, holding that the motion should have instead been dismissed for lack of jurisdiction in light of the Rule 41(a)(1)(A)(i) dismissal. According to the Eleventh Circuit, the district court lost jurisdiction to *modify* the Protective Order following the Rule 41(a)(1)(A)(i) dismissal.

Crucially, though, in reaching this conclusion, the Eleventh Circuit observed an "obvious" truth: the district court retained jurisdiction and inherent authority to *enforce* the Protective Order as it existed when the Plaintiff Funds dismissed the case, even after dismissal. *Absolute Activist*, 998 F.3d at 1268. Otherwise, Defendant Wife would need to modify the Protective Order. Instead,

4

she could simply ignore it. But, as the Eleventh Circuit observed, this is not the law. Rather, the Eleventh Circuit adopted a position identical to Meyer's in his Motion. The Eleventh Circuit observed—

> [I]n the event a party attempts to use a voluntary dismissal as an opportunity to violate a protective order—here the hypothetical in which [Defendant Wife] runs off with the Funds' documents following a Rule 41(a)(1)(A)(i) dismissal—the other party still has remedy in the district court in which the protective order was filed. To state the obvious, protective orders are court orders and district courts have the inherent power to impose sanctions for failure to comply with their orders. . . . So, even if a district court is divested of jurisdiction of *some* issues following a Rule 41(a)(1)(A)(i) voluntary dismissal, litigants will not be free to run off and violate protective orders without facing the threat of sanctions.

*Id.* at 1268. Accordingly, while the Eleventh Circuit held the district court lost jurisdiction to *modify* a protective order after the case's Rule 41(a)(1)(A)(i) dismissal, the district court did not lose jurisdiction to exercise its inherent authority to *enforce* existing an order limiting the use of discovery information.

Here, Meyer seeks relief of the kind that the above excerpt of *Absolute Activist* explicitly authorizes: *enforcement* of a limitation in the Federal Rules. He seeks to prevent the Government from "running off" with his Rule 36 Admissions following the closure of this case, and for the Court to exercise its inherent authority to prevent this abuse.

That the limitation at issue appears in the text of Rule 36(b)—rather than in a court order—is a distinction without a difference. Just as a district court has inherent authority to enforce its orders, so does a district court have inherent authority to enforce the Federal Rules. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 983 (11th Cir. Nov. 8, 2012) ("The district court also has inherent authority to sanction parties for 'violations of *procedural rules* or court orders . . .." (emphasis added)). It is well-established that "a district court has express authority, under the Federal Rules of Civil Procedure and its inherent authority, to impose sanctions when a party

5

violates the **Federal Rules of Civil Procedure**, the court's local rules, and the court's orders." *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1061 (E.D. Mich. 2000) (emphasis added). Because Meyer asks this Court to exercise its inherent authority to **enforce**, rather than modify, the discovery limitation at Rule 36(b), the Eleventh Circuit's *Absolute Activist* decision does not bar—and, indeed, supports—the Court's exercise of jurisdiction to grant the relief Meyer seeks.

Finally, looking to *Absolute Activist*'s rationale behind its rule statements confirms the conclusion that a district court retains jurisdiction to enforce Rule 36(b)'s use limitation even after a case is closed. *Absolute Activist* relies primarily upon the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). *Cooter & Gell* observed that even after voluntary dismissal under Rule 41(a)(1)(A)(i), "the district court nevertheless retained jurisdiction to decide 'collateral issues'—'independent proceeding[s] supplemental to the original proceeding and not request[s] for modification of the original decree.'" *Absolute Activist*, 998 F.3d at 1265 (quoting *Cooter & Gell*, 496 U.S. at 388–90). "Among the collateral issues the Supreme Court identified were: (1) the imposition of costs, (2) the imposition of attorney's fees, (3) the imposition of contempt sanctions, and (4) the imposition of Rule 11 sanctions." *Id.* The *Cooter & Gell* Court explained that "because determinations regarding costs, sanctions, and fees do 'not signify a district court's assessment of the legal merits of the complaint,' a voluntary dismissal does not operate to divest the district court of jurisdiction over those [collateral] issues." *Id.* The Eleventh Circuit in *Absolute Activist* observed that the Supreme Court's examples were not exclusive, and that "Motions for costs, fees, and sanctions each implicate 'the power to enforce compliance with the rules and standards that keep the judiciary running smoothly.'" 998 F.3d at 1266 (quoting *Hyde v. Irish*, 962 F.3d 1306).

Here, enforcement or Rule 36(b)'s use limitation is similarly a "collateral issue" within the meaning of *Cooter & Gell* and the Eleventh Circuit's reasoning underlying *Absolute Activist*. Enforcement of Rule 36(b) does not implicate in any way the underlying merits of the final judgment or any other "original decree" entered in this case. *See Absolute Activist*, 998 F.2d at 1265. Similarly, such enforcement does not "signify a district court's assessment of the legal merits of the complaint" filed by the government. *Id.*

And finally, Rule 36(b) is the sort of rule that keeps the judiciary running smoothy. Rule 36(b)'s use limitation encourages litigants to make admissions when doing so will further the speedy and efficient determination of a case. Rule 36(b) does so by allowing the parties and their lawyers to confine their analysis of the consequence of an admission to the instant case in determining whether an admission ought fairly to be made, without concern over the admission having an unanticipated effect in another proceeding.

Again, *Absolute Activist* supports the relief Meyer seeks. The Court should accordingly exercise jurisdiction over and grant Meyer's Motion.

### B.   The Government's Caselaw from Outside the Eleventh Circuit misses the mark.

In addition to analyzing *Absolute Activist*, the Government points to three cases from outside the Eleventh Circuit to support its position: *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988); *Foltz v. State Farm Mutual Auto Insurance Co.*, 331, F.3d 1122 (9th Cir. 2003); and *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990). However, these cases miss the mark.

In *Public Citizen*, the First Circuit considered a district court order—entered following closure of the case—that did two things: (1) modified the terms of a prior order; and (2) instructed the parties to publicly file their discovery materials in court. 858 F.2d at 780. The First Circuit

7

directly addressed "the court's jurisdiction, or power, to issue discovery-related orders after the court dismissed the underlying claims and entered a judgment on the merits." *Id.* at 780. The First Circuit held that the district court lacked jurisdiction to order the parties to file their discovery materials because the case was closed.

But then the Court turned to whether it had post-judgment power to *modify* the protective order. The First Circuit first held that "the district court necessarily had the power to *enforce* the order, at any point while the order was in effect, including periods after judgment." *Id.* at 782 (emphasis added). This holding regarding enforcement is the key holding relevant to Meyer's Motion, which seeks post-judgment enforcement of Rule 36(b). But then the First Circuit did something else noteworthy.

In addition to holding that the district court retained its power to enforce an existing protective order post-judgment, the First Circuit held that "[c]orrelative with this power to enforce, the district court necessarily also retained power to *modify* the protective order in light of changed circumstances." 858 F.2d at 782. *Public Citizen* therefore goes further than *Absolute Activist*, and permits modification of a protective order even post-judgment. *Public Citizen* accordingly does not support the Government's position on Meyer's Motion in any respect.

The same is true of the Ninth Circuit's decision in *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.2d 1122 (9th Cir. 2003) and Tenth Circuit's decision in *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990), upon which the Government also relies. In both those cases, non-party intervenors sought to unseal discovery and other documents following final judgment and the case's closure. And in both cases, the Ninth and Tenth Circuit held that such post-judgment modification of a protective order was appropriate and therefore within the district court's jurisdiction. *See Foltz*, 331 F.2d at 1134; *United Nuclear*, 905 F.2d at 1426. Therefore, like

*Public Citizen*, *Foltz* and *United Nuclear* are also more permissive than *Absolute Activist* and do not undercut Meyer's Motion in any way.

### C. Meyer's Motion implicates a "proceeding" within the meaning of Rule 36(b).

Finally, throughout its Supplemental Memorandum, the Government argues that it has not violated Rule 36(b) at all because, it says, the process by which the IRS made its § 6700 penalty determination was not a "proceeding' within the meaning of Rule 36(b). This issue is of course beyond the Court's Supplemental Briefing Order. But regardless, it is not well-taken.

Rather, the IRS proceeding appears to fall squarely within the ordinary meaning of the word "proceeding," to which judges ought to give effect. Per Black's Law Dictionary, the term includes "[a]ny procedural means for seeking redress from a tribunal or agency" and "[t]he business conducted by a court or other official body." Black's Law Dictionary (11th ed. 2019) (definition of "proceeding"). Determining § 6700 penalty liability is the business of the IRS, an official body. Further that the term "proceeding" should be broadly to encompass the IRS's penalty determination is apparent from the remainder or Rule 36(b). The text of Rule 36(b) unambiguously states not only that a party's Rule 36 Admissions shall not be used against him "in any other proceeding," but also that they are "not admissions for any other purpose" whatsoever.

Rule 36(b) prohibits exactly the kind of abuse of Meyer's Rule 36(b) Admissions that the IRS has engaged in here.

### D. Meyer has presented authority for the relief he seeks.

Finally, the Government argues in its Supplemental Brief that "Meyer cites no applicable authority in support of his Motion." This argument again exceeds the scope of the Court's Supplemental Briefing Order, which instructed the parties to "discuss, whether under *Absolute*

9

*Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021), this Court has jurisdiction to entertain Meyer's Motion." [DE 120 at 1.]

And it is also incorrect. Meyer cites the text of Rule 36(b) as the source of a limitation on the use to which a party may put discovery materials. And Meyer cites many cases—including, now, *Absolute Activist*—that stand for the proposition that a Court may (and should) enforce orders and rules limiting the use of discovery material, even post judgment.

## CONCLUSION

Consistent with the foregoing, Meyer asks the Court to exercise jurisdiction over his Motion and enforce Rule 36(b). As for the precise form of relief that Meyer requests, he believes that a clear order instructing the IRS not to use Meyer's Rule 36 Admissions made in this case against him for the purpose of determining his § 6700 penalty liability will be sufficient to bring the IRS into compliance with the Rule.

Dated: January 10, 2023                                  Respectfully Submitted,

/s/ Derick Vollrath
**Jeffrey A. Neiman**
Fla. Bar No. 544469
jneiman@mnrlawfirm.com
**Derick Vollrath**
Fla. Bar No. 126740
dvollrath@mnrlawfirm.com

**MARCUS NEIMAN & RASHBAUM LLP**
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200

*Counsel for Defendant Meyer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2023, a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record on the Service List.

By:   /s/ Derick Vollrath
    Derick Vollrath