UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60704-Bloom/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. MEYER,

    Defendant.

_____/

### UNITED STATES' REPLY TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM

The parties dispute whether the Court has subject matter jurisdiction to entertain Meyer's Motion for Protective Order and Other Appropriate Relief ("Motion," Doc. 98) and enjoin the IRS from using Meyer's Federal Rule of Civil Procedure ("Rule") 36 admissions in its penalty investigation. Meyer's Supplemental Memorandum (Doc. 122) confirms that the Court lacks subject matter jurisdiction over the Motion and, in any event, that the IRS's use of Rule 36 admissions during an administrative investigation to determine whether Meyer is liable for a penalty does not violate the "other use" limitation in Rule 36(b).

First, Meyer acknowledges that the Court lacks subject matter jurisdiction to issue a protective order after final judgment is entered. The Court should deny the Motion on this ground alone.

Second, the Court's "collateral issue" jurisdiction does not extend to Meyer's Motion. In this long-closed case, Meyer seeks to limit the government's ability to use lawfully obtained information to fulfill its law enforcement mandate. Meyer should have sought this protective order during discovery. He cannot use the Court's "collateral issue" jurisdiction to get one now.

Finally, Meyer argues that the Rule 36(b) limitation is a *de facto* protective order that

prohibits Rule 36 admissions from being used for any other purpose. But Meyer does not provide any authority for this proposition because none exists. Indeed, courts and commentators have repeatedly warned litigants how Rule 36 admissions can be used outside of the instant litigation without violating Rule 36(b). Such uses include the IRS's penalty investigation because a penalty investigation is not a proceeding within the meaning of Rule 36(b), a point Meyer also concedes in his Supplemental Memorandum. Therefore, the Court should deny the Motion because the IRS's use of Meyer's admissions does not violate Rule 36(b).[1]

## I.  Background

As pertinent here, the Court never issued a protective order under Rule 26(c) while this case was pending. During discovery, the United States propounded requests for admission, many of which Meyer admitted. After the Court entered a stipulated final judgment in this case, as Meyer anticipated, the IRS concluded its penalty investigation and proposed a $7 million penalty against Meyer. Now, through his Motion and Supplemental Memorandum, Meyer seeks a protective order under Rule 26 that bars the IRS from using his Rule 36 admissions in its penalty investigation, as well as other unspecified relief.

## II.  Argument

### a.  The Court lacks jurisdiction to enter a new protective order.

Circuit courts have unanimously held that a district court cannot issue a new protective order under Rule 26 after entering final judgment. *See Pub. Citizen v. Liggett Grp., Inc.*, 858

---

[1] Contrary to Meyer's assertions, the United States did not argue the Rule 36(b) proceeding issue "throughout" its Supplemental Brief. (Supp. Mem at 3, Doc. 122.) In fact, the United States mentioned it once, in a footnote, for context and referred the Court to the government's previous briefing. However, the United States will address Meyer's new Rule 36(b) arguments herein.

F.2d 775, 781 (1st Cir. 1988) ("the [district] court simply lacked power to impose any new, affirmative requirements on the parties relating to discovery.") (internal citations omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *accord United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990). The Court should deny Meyer's request for a new protective order on this ground alone because he failed to rebut this principle in his Supplemental Memorandum.

Instead, Meyer misdirects the Court to each circuit court's analysis of whether a district can *modify an existing protective order*, and if so, under what circumstances. (Supp. Memo. at 7-9.). But the Court should look past this red herring for two reasons. First, the Court never entered a protective order in this case so there is nothing to modify. Second, as Meyer tacitly acknowledges (Supp. Mem. at 9), this analysis is irrelevant because district courts in the Eleventh Circuit lack jurisdiction to modify protective orders in closed cases. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1269 (11th Cir. 2021).

Therefore, the Court should follow the First Circuit, Ninth Circuit, and Tenth Circuit and dismiss Meyer's Motion for lack of subject matter jurisdiction because a district court cannot issue a new protective order under Rule 26 after entering final judgment.

      **b.**      **Collateral issue jurisdiction does not extend to Meyer's Motion.**

After dismissing a case and resolving all the claims—like this Court did on April 26, 2019—the Court retains jurisdiction over five specific collateral issues, none of which are present here. *See Absolute Activist*, 998 F.3d at 1265-66 (internal citations omitted). The collateral issues exception exists to curb potential abuses to the judicial system without modifying the judgement. *Id* at 1266. Yet that is exactly what Meyer seeks to do here.

Meyer asserts that his Motion "does not implicate in any way the underlying merits of the final judgement," (Supp. Mem. at 7) but this is false. A final judgement adjudicates all the claims in a suit and *the rights* of all the parties. *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (emphasis added). Here, the United States has *the right* to share information it obtained during discovery with the IRS so the IRS can fulfill its congressional mandate to enforce our nation's federal tax laws. *See*, *e.g.*, *United States v. Elsass*, 2011 WL 335957 (S.D. Ohio 2011) (the district court declined to enter a protective order that would bar counsel for the United States from sharing information with the IRS because it would unjustifiably restrict the ability of the government to enforce our federal tax laws). The Court should deny the Motion because Meyer's attempt to hamper the government's law enforcement function is not a collateral issue over which the Court retains jurisdiction. *See Absolute Activist*, 998 F.3d at 1265-66. Moreover, Meyer, who anticipated this penalty investigation, should have moved for a protective order while this case was pending and before he agreed to final judgment of permanent injunction that bars him from organizing and promoting the illegal charitable giving tax scheme that he sold for nearly twenty years.

      **c.**      **The IRS did not violate the other use limitation in Rule 36(b).**

Faced with the reality that the Court cannot enter a new protective order and there is no protective order in place for the Court to enforce, Meyer now argues the other use limitation in Rule 36(b) is in essence a *de facto* protective order that prohibits any other use of his Rule 36 admissions. (Supp. Mem. at 2, 5, 7, 9.) Conspicuously absent from this argument, however, is any supporting authority. There is none.

First, contrary to Meyer's assertions, courts and commentators have repeatedly warned litigants that Rule 36 admissions can be used outside of the instant litigation without violating

Rule 36(b). *See, e.g., Odom v. Roberts*, 337 F.R.D. 353, 356 (N.D. Fla. 2020) (citing *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012); *United States v. Cuthel*, 903 F.2d 1381, 1384 (11th Cir. 1990)) (litigant may assert fifth amendment privilege in response to a Rule 36 request for admission because a prosecutor could use the admission to support an indictment or as a lead to other evidence); *see also* Larry R. Rogers, Jr., 2 Litigating Tort Cases § 17:14 Effect of admission in other proceedings (Roxanne Barton Conlin & Gregory S. Cusimano, eds., AAJ Press 2022) (discussing the relevancy of Rule 36 admissions in subsequent litigation).

Second, Meyer claims that an IRS penalty investigation is a proceeding within the meaning of Rule 36, but his citation to *Black's Law Dictionary* proves otherwise. Using Meyer's definition, an IRS penalty investigation is not a proceeding because it is not a "procedural means for seeking redress from a tribunal or agency" in a court-like setting. (Supp. Mem. at 9.) The IRS's decision to assess penalties is self-executing and does not require court approval. *See United States v. Baggot*, 463 U.S. 476, 481 (1983). There are no pleadings and the rules of procedure and evidence do not apply. *See, e.g., In re Albert Lindley Lee Mem'l Hosp.*, 209 F.2d 122, 123 (2d Cir. 1953) (IRS investigations are not judicial proceedings subject to the rules of civil procedure). Should Meyer want to challenge his penalty liabilities, he can file a refund suit in federal district court where the Rule 36(b) limitation applies. (Order Adopting R. & R. at 7.)

Simply put, Meyer is not entitled to any relief because, in addition to the Court's lack of jurisdiction to entertain his Motion, Rule 36(b) does not bar all future use of an admission and, in any event, an IRS penalty investigation is not a proceeding within the meaning of Rule 36(b).

### III.  Conclusion

Based on the foregoing, the Court should deny Meyer's Motion.

Dated January 17, 2023                    Respectfully submitted,

                                                        MARKENZY LAPOINTE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ James F. Bresnahan II*
JAMES F. BRESNAHAN II
Florida Special Bar #: A5502407
HARRIS J. PHILLIPS
Florida Special Bar #: A5501528
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-616-9067 (Bresnahan)
Telephone: 202-616-1906 (Phillips)
Fax: 202-514-6770
James.F.Bresnahan@usdoj.gov
Harris.J.Phillips@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing document and all attachments thereto were served electronically using the CM/ECF system on January 27, 2023, on all counsel of record on the Service List below.

>  /s/ James F. Bresnahan II
>  JAMES F. BRESNAHAN II
>  Trial Attorney
>  United States Department of Justice, Tax Division

## SERVICE LIST

Jeffrey A. Neiman
jneiman@mnrlawfirm.com
Derick Vollrath
dvollrath@mnrlawfirm.com
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, FL 33394
Telephone (954) 462-1200

*Attorneys for Michael L. Meyer*