## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60704-BLOOM/Valle

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL L. MEYER,

     Defendant.

_____/

### ORDER ON MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon Defendant Michael Meyer's ("Meyer") Motion for Protective Order and Other Appropriate Relief, ECF No. [98] ("Motion"). The Motion is fully briefed. The Court has considered the Motion, all supporting and opposing memoranda of law, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.   BACKGROUND

On April 3, 2018, Plaintiff United States of America ("United States") filed a Complaint for Permanent Injunction against Defendant Michael Meyer, alleging that Meyer "promoted an abusive tax scheme that result[ed] in scheme participants claiming unwarranted federal income tax deductions for bogus charitable contributions." ECF No. [1] ¶ 10. After engaging in substantial discovery over the course of a year, the parties settled, and Meyer agreed to being permanently enjoined. ECF No. [97]. The parties' stipulation did not preclude the United States from "pursuing other current or future civil or criminal matters or proceedings," nor did it preclude Meyer from "contesting his liability in any matter or proceeding." ECF No. [95-1] ¶ 5.

On April 26, 2019, the Court approved the parties' stipulation and entered a Final Judgment of Permanent Injunction. ECF No. [97]. The Court dismissed this case but "retain[ed] jurisdiction over this action for the purpose of implementing and enforcing the final judgment and permanent injunction in this case." *Id.* ¶ 18.

Following settlement and entry of a Final Permanent Injunction, the Internal Revenue Service ("IRS") began an administrative investigation against Meyer for civil penalties under 26 U.S.C. § 6700. ECF No. [98] at 3. According to Meyer, as part of that § 6700 investigation, the IRS issued a report which described the assessed penalties, including their legal and factual basis. *Id.* at 3-4. As part of that investigation and to determine the amount of tax penalties, the IRS relied upon admissions that Meyer previously made in this case pursuant to Federal Rule of Civil Procedure 36 (the "Rule 36 Admissions"). *Id.* at 4.

On November 20, 2020, Meyer filed the instant Motion, arguing that Rule 36(b) prohibits the IRS from using his Rule 36 Admissions against him in the administrative proceeding. *Id.* at 4. He relies on the following language from Rule 36(b): "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). He seeks an Order from the Court prohibiting the IRS from using Meyer's Rule 36(b) admissions "against him for any purpose," including in the IRS's § 6700 penalty examination. *Id.* at 7.

The United States opposes Meyer's Motion on several grounds. ECF No. [104]. The United States' primary argument is that the Court lacks jurisdiction to resolve Meyer's Motion due to the Anti-Injunction Act, which prohibits individuals from suing the IRS "for the purpose of restraining the assessment or collection of any tax[.]" 26 U.S.C. § 7421(a). The United States additionally

argues that the IRS's administrative penalty investigation is not governed by the Federal Rules of Civil Procedure. ECF No. [104] at 13.

The Court agreed with the United States' primary argument that the Anti-Injunction Act precluded the Court from considering Meyer's Motion. ECF No. [112] at 6. On appeal, the Eleventh Circuit disagreed. *See United States v. Meyer*, 50 F. 4th 23 (11th Cir. 2022). The Eleventh Circuit reasoned that Meyer's Motion was not a "suit" within the meaning of the Anti-Injunction Act, so it was not barred. *Id*. at 28. The Eleventh Circuit declined to address an argument that the Government raised for the first time on appeal: whether this court lacked subject matter jurisdiction to entertain Meyer's Motion because this case was closed. *Id*. at 31. The Eleventh Circuit remanded that issue for this Court to decide. *Id*.

The Court allowed the parties to submit another round of briefing to address the issue of subject matter jurisdiction. ECF No. [120]. On December 23, 2022, the United States filed its Supplemental Response in Opposition to Meyer's Motion. ECF No. [121]. Therein, the United States argues that the Court lacks subject matter jurisdiction to enter a new protective order after final judgment has been entered. *Id*. at 2 (citing *Absolute Activist Value Master Fund LTD v. Devine*, 998 F.3d 1258 (11th Cir. 2021)). In the alternative, the United States urges the Court to deny Meyer's Motion because the IRS penalty investigation "is not a *proceeding* within the meaning of Rule 36(b) because it is not litigation, but rather an administrative matter that is not governed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence." *Id.* at 6 n.2.

Meyer responds that his Motion merely seeks to enforce the United States' compliance with Federal Rule of Civil Procedure 36(b). ECF No. [122] at 5. Meyer contests the United States' interpretation of *Absolute Activist*, which, according to Meyer, supports his position. *Id*. at 4. As to the merits of his Motion, Meyer argues that the term "proceeding" within Rule 36(b) should be

interpreted broadly to encompass administrative proceedings such as the IRS's penalty determination. *Id*. at 9.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction

The first issue is whether the Court has subject matter jurisdiction to consider Meyer's Motion. The United States raised this argument for the first time on appeal, relying primarily on *Absolute Activist*, 998 F.3d 1258, which was published in 2021. *See Meyer*, 50 F.4th at 31. The Eleventh Circuit remanded for this Court to consider the United States' new jurisdictional argument. *Id*.

It is uncontested that this case was terminated on April 26, 2019, when the Court entered Final Judgment against Meyer. ECF No. [97]. "Once a court loses jurisdiction over a case, it may no longer decide issues arising out of that case." *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020) (citation omitted).

However, a court "can still decide certain 'collateral' issues related to the case." *Id*. (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). In *Cooter & Gell*, the Supreme Court recognized several collateral issues that are routinely decided after a case's conclusion: "motions for costs, attorney's fees, and contempt sanctions." 496 U.S. at 396. The Supreme Court held that, like those issues, "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Id*. "Such a determination may be made after the principal suit as has been terminated." *Id*.

The Eleventh Circuit has "extended *Cooter & Gell* slightly beyond the categories of collateral issues" that the Supreme Court explicitly identified in that case. *Absolute Activist*, 998

F.3d at 1266. In *PTA-FLA, Inc. v. ZTE USA, Inc.*, the Eleventh Circuit deemed a motion to confirm an arbitral award to be a "collateral proceeding" which the district court retained jurisdiction to consider even after the case was voluntarily dismissed. 844 F.3d 1299 (11th Cir. 2016). In *Hyde*, the Eleventh Circuit concluded that a district court retains jurisdiction to consider types of sanctions other than those arising under Rule 11 "even if it lacks jurisdiction over the underlying case." 962 F.3d at 1310. That is because "'[t]he interest in having rules of procedure obeyed' outlives the merits of a case." *Id.* (quoting *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992)). District courts "need the power to rule on these issues to ensure 'the maintenance of orderly procedure.'" *Id.* (quoting *Willy*, 503 U.S. at 137).

Considering that authority, the Court concludes that Meyer's Motion properly raises a collateral issue that the Court retains jurisdiction to decide. Meyer's Motion has nothing to do with "the merits of" the underlying action. *Cooter & Gell*, 496 U.S. at 396. "Rather, it requires the determination of a collateral issue: whether [the IRS] has abused the judicial process" by using Meyer's admissions against him in an IRS penalty proceeding. *Id.*; *see also Hyde*, 962 F.3d at 1310 ("The interest in having rules of procedure obeyed outlives the merits of a case." (cleaned up)).

The United States' reliance on *Absolute Activist* is misplaced. In that case, the Eleventh Circuit considered whether a district court retained jurisdiction "to modify a joint, stipulated protective order" entered in a case that was subsequently dismissed under Rule 41(a)(1)(A)(i). 998 F.3d at 1267. The *Absolute Activist* court reasoned that the motion to modify the protective order was unlike the collateral issues explicitly identified by the Supreme Court and Eleventh Circuit: "costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards." *Id.* at 1266-67. Whereas those issues "implicate 'the power to enforce compliance with the rules and standards that keep the judiciary running smoothly,'" modification of a "stipulated protective order

does not present the same concerns." *Id.* at 1266-67 (quoting *Hyde*, 962 F.3d at 1309). "[P]ermitting post-voluntary-dismissal consideration of a motion to modify a protective order does not curb abuses of the judicial system . . . and thus it is not practically important for the district court to hear the motion." *Id.* at 1267 n.6 (citing *Cooter & Gell*, 496 U.S. at 397). Here, Meyer is not seeking to modify a protective order or the stipulated injunction against him. Rather, he seeks enforcement of Rule 36(b) to the extent it prohibits the IRS from using his admissions against him in a tax penalty "proceeding." ECF No. [98].

The *Absolute Activist* court did not hold, as the United States contends, that "collateral issues" are limited to the five types of issues identified in that case. ECF No. [121] at 4. Rather, the court stated that "district courts retain jurisdiction to consider *at least* five different types of collateral issues[.]" *Absolute Activist*, 998 F.3d at 1266 (emphasis added). Contrary to the United States' assertion, Meyer's motion *does* "seek to mitigate [an] abuse of the *judicial system*, the very reason the collateral issue exception exists." ECF No. [121] at 5. Namely, Meyer seeks to mitigate the IRS's allegedly unlawful use of his admissions, in violation of Rule 36(b).

The three out-of-circuit cases cited by the United States are inapposite. *Public Citizen v. Liggett Gr., Inc.* held that, following a district court's final judgment, the court "lacked power to impose any new, affirmative requirements on the parties relating to discovery." 858 F.2d 775, 781 (1st Cir. 1988) (citation omitted). Meyer's Motion does not seek a "new, affirmative" discovery requirement, but rather compliance with an already-existing prohibition set forth in Rule 36(b). In *Foltz v. State Farm Mutual Automobile Insurance Company*, the Ninth Circuit authorized district courts to amend protective orders after termination of the case. 331 F.3d 1122, 1132 (9th Cir. 2003). The *Foltz* court cited *Public Citizen* for the proposition that, "once the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery

disputes applicable only to the collateral suits." *Id*. at 1133 (citations omitted). Similarly, the Tenth Circuit in *United Nuclear Corporation v. Cranford Insurance Company* addressed the circumstances in which a district court should entertain motions to modify protective orders after a case settled. 905 F.2d 1424, 1428 (10th Cir. 1990). Therefore, contrary to the United States' contention, ECF No. [121] at 8, none of the three out-of-circuit cases addressed the specific jurisdictional issue here, and none of those cases support the United States' position.

The United States is correct that Meyer's Motion is not properly brought under Rule 26(c), because this action is no longer "pending." Rule 26(c)(1). However, the Court may nonetheless enter a protective order "under the inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices[.]" *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (quotation marks omitted).

For the reasons described herein, the Court concludes that Meyer's Motion presents the type of "collateral issue" that a district court retains jurisdiction to consider after termination of the underlying case. *See Absolute Activist*, 998 F.3d at 1267 (describing collateral issues as those that "implicate the power to enforce compliance with the rules and standards that keep the judiciary running smoothly" (quotation marks omitted)); *see also Hyde*, 962 F.3d at 1310 ("'The interest in having rules of procedure obeyed' outlives the merits of a case." (alteration removed) (quoting *Willy*, 503 U.S. at 139)). The Court therefore has jurisdiction to consider Meyer's Motion.

**B.  The Merits**

The Court turns to the merits of Meyer's Motion. The issue is whether the IRS's penalty investigation and assessment under 26 U.S.C. § 6700 constitutes a "proceeding" within the meaning of Federal Rule of Civil Procedure 36(b), which prohibits the use of admissions "against the party in any other proceeding." The Court concludes that it does.

In his Motion, Meyer describes the § 6700 penalty determination as "similar to an audit."

ECF No. [98] at 3. He explains:

> The Revenue Agent does an investigation, which can include interviews, documents requests, summonses, and other evidence-gathering steps. And then the Revenue Agent produces a Report, the main component of which appears on a Form 866-A Explanation of Items. The Explanation of Items describes the penalties imposed, including their legal and factual bases. The IRS Agent then delivered a copy of this report to the subject of the investigation for input and rebuttal before the case is closed and a formal assessment made.

*Id*. at 3-4. In Meyer's case, the IRS "relied on Meyer's Rule 36 admissions in this case" to arrive at an assessment of $7,066,039 in penalties. *Id*. at 4.

In its Response, the United States does not dispute Meyer's description of the § 6700 process. ECF No. [104] at 15. The United States avoids using the terms "proceeding" or "process," but instead describes the § 6700 penalty assessment as an "administrative investigation" that is "neither a district court proceeding nor adversarial in nature[.]" *Id*.

Rule 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).

The Federal Rules of Civil Procedure are interpreted according to their "plain meaning." *Pavelic & LeFlore v. Marvel Ent. Gr.*, 493 U.S. 120, 123 (1989) (citation omitted). "As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous." *Business Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 540-41 (1991).

The United States argues that "proceeding" within Rule 36(b) refers to "litigation" and "not an administrative matter that is not governed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence." ECF No. [121] at 6 n.2. Relatedly, the United States asserts that the IRS's

"administrative investigation . . . is neither a 'judicial proceeding' nor 'preliminarily to or in connection with a judicial proceeding.'" *Id.* at 7 (quoting *United States v. Baggot*, 463 U.S. 476, 481 (1983)).

The United States' arguments draw no support from the plain terms of Rule 36(b), which broadly prohibit the use of admissions in "any other proceeding." The prohibition is not limited to "litigation" or "judicial proceeding[s]," as the United States contends, but rather extends to "*any*" proceeding. Rule 36(b) (emphasis added). The plain meaning of "proceeding" includes both "judicial and administrative proceedings." *BP America Prod. Co. v. Burton*, 549 U.S. 84, 92 (2006). It encompasses "investigatory or adjudicatory" actions. *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972) (noting that the Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory[.]"). It includes "[a]ny procedural means for seeking redress from a tribunal or agency." Black's Law Dictionary (11th ed. 2019) (definition of "proceeding"). In short, the plain meaning of "proceeding" is a broad term that extends to administrative adjudications or assessments. The addition of the word "any" within the phrase "any other proceeding" supports the interpretation that "proceeding" is not limited to the narrow types of judicial proceedings asserted by the United States.

It is therefore irrelevant that the IRS's § 6700 penalty investigation is not governed by the Federal Rules of Civil Procedure, as the Government strenuously argues. ECF No. [104] at 14; ECF No. [123] at 5. Those Rules do not apply to criminal cases either, yet it is undeniable that "requests for admissions responses cannot be used against defendants in criminal proceedings[.]" *Ledet v. Perry Homes*, 2022 WL 831809, at *1 n.1 (11th Cir. Mar. 21, 2022) (citing Rule 36(b)).

Given the Court's conclusion that the term "any other proceeding" within Rule 36(b) is "clear and unambiguous," no further inquiry is necessary. *Business Guides*, 498 U.S. at 540-41.

Nonetheless, the Court notes that the broad interpretation of "proceeding" advances the purpose of the Rules governing discovery. "The Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery." *Akridge v. Alfa Mutual Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (citations omitted). Discovery is intended to facilitate disclosure of "the basic issues and facts . . . to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 683 (1958) (citation omitted). Accordingly, Rule 36(b) should be interpreted in accordance "with the spirt of openness and fair play the discovery rules embrace." *Higgs v. Costa Crociere S.P.A. Co*., 969 F.3d 1295, 1305 (11th Cir. 2020). The practical effect of interpreting "proceeding" broadly is that parties in Meyer's position will be encouraged to divulge information that is helpful and necessary to resolve the case, without fear that the information will subsequently be used against them in an administrative proceeding. That result is consistent with the spirit and purpose of the Rules governing discovery.

The United States asserts that "courts and commentators have repeatedly warned litigants that Rule 36 admissions can be used outside the instant litigation without violating Rule 36(b)." ECF No. [123] at 4-5. Of the four sources cited by the United States in support of that assertion, *Odom v. Roberts* is most closely on point. However,  that case merely indicates that Rule 36(b) does not provide "absolute immunity from state or federal criminal prosecution," because the admissions could be used by a criminal prosecutor "'as a confirmation that facilitates the preparation of the criminal case, or perhaps as a lead to other evidence[.]'" *Odom v. Roberts*, 337 F.R.D. 353, 357 (N.D. Fla. 2020) (quoting *Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 581 (D.C. Cir. 1970)).

Of course, the United States is correct that there is a significant countervailing interest in allowing the IRS to swiftly and efficiently assess tax penalties. *See* ECF Nos. [104] at 15, [121] at

8. However, that interest is not likely greater than the government's interest in securing criminal convictions – an interest that does not overcome Rule 36(b)'s prohibition. *See Ledet*, 2022 WL 831809, at *1 n.1 ("requests for admissions responses cannot be used against defendants in criminal proceedings" (citing Rule 36(b))). The D.C. Circuit resolved the countervailing interests by opining that, although a prosecutor cannot use Rule 36(b) admissions in a criminal proceeding, the prosecutor could use those admissions "as a confirmation that facilitates preparation of the criminal case, or perhaps as a lead to other evidence[.]" *Gordon*, 427 F.2d at 581. Here, too, although the IRS may use Meyer's admissions during its penalty investigation to confirm or develop other evidence, Rule 36(b) prohibits the IRS from relying on his admissions as the basis for its penalty assessment.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [98]**, is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 36(b), the IRS is **PROHIBITED** from using Meyer's Rule 36 Admissions in this case as the basis for its 26 U.S.C. § 6700 penalty assessment against him.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record